WINDHAM,
*February,*
1833.

WILLIAM DENTON VS. JOHN PERRY and BELA R. PERRY.

That a deed may be impeached by proving the sayings of the grantor, after the date and signing, but before the acceptance by the grantee.

That a creditor, attaching land after a deed from his debtor is on record, can hold the land against such deed, on proving that such grantee had not accepted the deed.

This was an action of *ejectment,* brought to this Court by a bill of exceptions, allowed by the Judges of the County Court, which is as follows, to wit :

The plaintiff in this case, claimed title to the premises in question, by virtue of the levy of an execution in his favor against John H. Perry and Hiram R. Perry ; and read in evidence a deed from Jabez Perry to John Perry, the defendant, from John Perry to Abel Edgell, and from Abel Edgell to John H. Perry, and the record of the judgement execution and levy thereon in his favor against the said John H. Perry and Hiram R. Perry. The writ, on which the judgement was rendered, was dated 9th January, A. D. 1827, and served by attaching the land in dispute as the property of the said John H. Perry, the 10th January, 1827.

The defendant then read in evidence a deed from John H. Perry and Susan Perry to the said John Perry, the defendant, dated the 4th January, 1827, and recorded the 9th of the same January, together with the deposition of Abraham Dame, to which the deed is annexed ; and also a deed from the defendant, John Perry, to the other defendant, Bela R. Perry.

The plaintiff then introduced evidence to show, that, on the day he attached the land, viz, 10th January, 1827, his agent enquired of said John Perry, who owned the land in

question? & that he replied, "John H. Perry;" & that the land was attached in the presence of said John Perry.— The plaintiff further offered the depositions of David Beal, Abner Millet and Silas Peirce. These depositions were objected to by the defendant as being the evidence of the declarations of John H. Perry after the date of his deed to the plaintiff. The Court decided, that, inasmuch as evidence had been given, tending to prove, that the said deed was executed when the said John Perry was not present, and also, that, after it was on record, the said John Perry had admitted the title to the land to be in John H. Perry, evidence of the declarations of said John H. Perry was admissible in evidence to put the defendant upon shewing a consideration for the deed, and admitted the depositions.

The defendant then read the depositions of Abel Edgell, Ephraim Ranney, Hiram R. Perry and John H. Perry; and also another deposition of Abraham Dame, taken by the plaintiff.

No evidence was given to shew by whom the deed from John H. to John Perry was delivered to the County Clerk for record,

The plaintiff contended, that the deed from John H. Perry to John Perry was executed in the absence of said John Perry, and was not delivered to, or accepted by him, when the plaintiff attached the land; and further, that the deed was given to defraud the creditors of the said John H. Perry, and therefore void.

The defendants contended, that the deed was executed for a legal consideration, and would take effect from the time of recording; and requested the Court so to charge the jury.

The Court charged the jury, that, if the deed was executed by the said John H., in the absence of said John Perry, and had not been delivered to, or accepted by the said John Perry, or some one authorized by him, at the time of the levy of the plaintiff's attachment, the attachment would take precedence of the deed, notwithstanding the deed might be executed upon a good consideration.

But, if the jury found, that the deed had been accepted by the said John Perry, or by some one authorized by him, and placed upon record, the title to the land would be in

WINDHAM,
February,
1833.

Denton
vs.
J. Perry & al.
the defendants, unless they found it was fraudulent, (explaining what would constitute a fraud so as to avoid the deed).

The defendants excepted to the decision of the Court in admitting the depositions; and also to that part of the charge in relation to the delivery and acceptance of the deed. A verdict was therefore given for the plaintiff and judgement thereon.

*W. C. Bradley, for defendant.*—On the trial, two exceptions were taken on the part of the defendant :

1st, To the admission of the depositions of Beal, Millet and Peirce.

2d, To the charge of the Judge as to the evidence of the execution of the deed.

I.—As to admitting the depositions which go to prove,

1st, That John H. Perry was in failing circumstances.—This certainly is no ground for compelling the defendants to give evidence of consideration beyond their deed—such being the ground of admission by the Court.

2d, The declarations of John H. Perry as to want of consideration. These declarations, the defendants contend, ought not to have been admitted, whether we regard the rule of *Walton* and *Shelly*, 1 T. R., that a grantor shall not impeach his own deed, or the doctrine of *Jordan* vs. *Lashbrooke*, 7 T. R. 601, adopted by that of *Nichols* vs. *Holgate*, 2 Aikens 138, by which the testimony of John H. Perry was admissible, and therefore his conversations not the best evidence. And, on any ground, there can be no pretence, that his admissions, made *subsequent* to the time of signing and executing the instrument, are admissible to impeach the deed.—1 Stark. Ev. 307.—2 Phil. Ev. 214.—1 Esp. Rep. 357.—14 Mass. Rep. 245, *Bridge* vs. *Eggleston*.

If not admissible to impeach the deed, defendants are not aware of any law which makes them so, for the purpose of compelling them to prove consideration.

Nor are they aware how John Perry's supposed admission of John H. Perry's ownership can have that effect.—The admission is sufficient of itself, or it is not. If sufficient, other proof is unnecessary and improper. If not sufficient, it is contrary to every rule, that the defendant should be compelled, by other proof, to do away its effect.

II.—As to the charge in relation to the execution and delivery of the deed.—

WINDHAM,
February,
1833.

Denton
vs.
J. Perry & al.

The charge evidently implies, that the actual delivery to John Perry, in person, or the actual authority, by which the agent, who accepted the deed, was constituted, should have been proved; and must have been so understood by the jury.

The defendants contend, that neither was necessary; for,

1st, The delivery is sufficiently proved to have been for the use of John Perry; and such delivery to a stranger even is good.—*Hatch* vs. *Hatch*, 9 Mass. 310.—*Ruggles* vs. *Lawson*, 13 John. R. 285.—*Verplanck* vs. *Story*, 12 John. R. 536.—*Wilt* vs. *Franklin*, 1 Binney, 502.—2 Stark. Ev. 477.—1 Wood's Conveyancing, 311. And the acceptance in the case of a deed poll, where nothing is to be done by the other party, is presumed in law—it being on the face of it for his benefit.—1 Show. 303.—1 Wood. Conv. 312 (note a.) And the authorities do not countenance the avoiding this implied acceptance *by parol in pais*, without either *act in pais*, or deed.—1 Wood. Conv. 312, 313.—3 Con. Rep. 26. Suppose it could be by parol, every consideration requires, that the disagreement should be direct and in reference to the deed; in such manner as to shew the party conusant thereof, not by inference from general expressions as to title,—otherwise the party must be supposed to disagree to a matter, of the existence of which he may be ignorant. Besides, it is only in cases where no one appeared on the part of the grantee, that questions of disagreement have arisen.—Here an agent appeared, and accepted the deed, and of course, the title vested absolutely from the moment of record.

2d, There was no necessity of proving the manner of H. R. Perry's authority. It was sufficient that he appeared and acted as agent—especially until his authority was disproved, or directly disavowed by John Perry. And there was sufficient reason to presume it, from his situation in the family, and his having himself paid part of the mortgage debt. For it is to be observed, that the same presumption, arising from relationship, which might aid a suggestion of fraud in the consideration, against a deed otherwise regular, is in favor of his mere authority in taking the deed, as

WINDHAM,
February,
1833.

Denton
vs.
J. Perry & al.

being the person most likely to be so requested by the father.   In addition to all this, the plaintiff having, without objection, admitted the depositions on the part of the defendants, and particularly the second one, of Dame, which was filed by himself, he was not at liberty to dispute the power afterwards in argument.  If he meant to require farther proof of authority, he should have objected.

Lastly, It is not the case of a *creditor* merely, but of a mortgagor, who had paid his debt, and needed nothing but a discharge of record, which the deed in question was in effect.—This having been put on record before the plaintiff's attachment, he cannot complain of want of notice ; and the record, even without acceptance, restored the original and complete title of John Perry, both in law and equity.   If the plaintiff meant to contend, that the mortgage had not been paid, and that the discharge was, for that reason, fraudulent, the trial ought to have been put on that ground, unmixed with the decisions, against which the defendants contend ; and, supposing Denton's title good against John Perry, how does it affect Bela R. Perry, who does not appear, from the case, to have been other than a *bona fide* purchaser without notice of John Perry's conversations ?

*Mr. Kellogg*, contra.—The first question arising in this case, is, as to the propriety of admitting the depositions of David Beal, Abraham Millet, and Silas Peirce.

1.  The admission of this testimony does not conflict with any established principle of law.

At the time of the declarations of John H. Perry, set forth in the depositions, John Perry made no claim to the land, nor had the deed been delivered to, and accepted by John Perry ; nor did any consideration pass at the execution of the deed.

John Perry subsequently declared to the agent of the plaintiff, that the land belonged to John H. Perry.

The declarations of John H. and John Perry were then perfectly consistent with each other ; both declaring that John H. owned the land.

2.  The case finds, that the defendants introduced the deposition of John H. Perry.

WINDHAM,
February,
1833.

Denton,
vs.
J. Perry & al.

Surely, then, the declarations of John H. Perry, contradicting or varying the testimony contained in his deposition, were proper to be received and weighed by the jury.

The second question presented in the case, arises upon the charge to the jury, which the plaintiff insists was correct.—

1. The conveyance from John H. to John Perry, was not consummated until the deed was delivered to, and accepted by, John Perry.

2. Until the delivery of the deed to, and acceptance by the grantee, no title passed; but it remained in the grantor.—Delivery is essential.—12. Mass. Rep. *Harrison* vs. *Phillips' Academy*, 456, 461.

3. The recording of a deed does not amount to a delivery.—10 Mass. *Maynard* vs. *Maynard*, 456, 453.

4. The grantor, John H. Perry, had a right to retain and cancel the deed, at any time before delivery to, and acceptance by, the grantee, even after the same is recorded.—10 Mass. *Maynard* vs. *Maynard ut supra.*

The Court left it to the jury to find, whether the deed had been delivered.

The opinion of the Court was pronounced by

HUTCHINSON, C. J.—It appears, by the bill of exceptions, that both parties claim the land, now in dispute, under John H. Perry. The plaintiff claims by virtue of an attachment and levy ; and the defendants claim by virtue of a deed from said John H. Said deed was executed January 7th, 1827, and recorded on the 9th of the same January. The plaintiff attached the land by his writ on the 10th of said January. The regularity of the plaintiff's judgement and execution and levy are not disputed. But the defendants' deed was upon record before the plaintiff's attachment was put upon the land. The defendants thus appearing upon the record to have the prior title, the plaintiff has resorted to other sources of testimony, to show himself entitled to recover, notwithstanding the defendants' apparent prior title.

He first introduced a Mr. Baxter, whose testimony tended to show, that, after the defendants' deed was thus upon record, and on the day the plaintiff's attachment was ser-

WINDHAM,
February,
1833.

Denton
vs.
J. Perry & al.

ved, the defendant was asked who owned said land? and his reply was, that it was owned by said John H. Perry.— Upon this testimony, the plaintiff's counsel contended, that the deed was not so accepted by the defendant as to vest the title in him, when the plaintiff's writ was served, which created his lien upon the land.

The plaintiff also contended, that the deed from said John H. Perry to the defendant was fraudulent and void, and given on the eve of the failure of the said John H., and given with intent to defraud his creditors. For this purpose he introduced three depositions, which were objected to by the defendants, but were admitted by the Court. These depositions tend to prove, that the said John H. Perry failed in business on the 5th day of said January, the next day after his deed to the defendants; and also tend to prove the declarations of said John H. Perry, made after the date of his deed to the defendants, which, if proper in evidence at all, do tend to show said deed fraudulent and void as against the creditors of said John H.

Whether these depositions were correctly admitted or not, depends upon the decision of another question, whether the deed of John H. Perry to John Perry had become complete, by delivery and acceptance, when the sayings of John H. were uttered. For, surely, a man, who has conveyed land by a deed of conveyance, which has become complete, cannot defeat that conveyance by his after concessions merely. When the grantor ceases to have any interest, against which his concessions can operate, those concessions are not admissible against third persons, claiming under that title. Whether he could be called as a witness to impeach such conveyance, depends upon other circumstances. It seems by the testimony of Mr. Baxter, that the plaintiff caused a prudent enquiry about the title before he attached the land. The enquiry was made of John Perry himself. He, instead of setting up any title in himself, said the title was in John H. Perry. The fair inference from this was, that he knew nothing about the deed from John H. to him, or thought it prudent not to set up any claim of title under it, until he had accepted the deed. The title remained in John H; and his sayings, so far as they tended to show the deed destitute of considera-

WINDHAM,
February,
1833.

Denton,
vs
J. Perry & al.

tion, or otherwise void, were correctly admitted in evidence, to show the deed void as against creditors. This testimony of Mr. Baxter, if believed, excludes all that presumption of acceptance, spoken of in argument. But it is urged, in argument, that Hiram R. Perry acted as agent for his father in accepting this deed. It seems he carried the deed from the grantor to the Town Clerk's office. But whose agent does this prove him to be? Not that of John, without additional proof of an appointment for that purpose; or an acceptance by John, which acceptance, to avail in this case, must have been prior to the plaintiff's attaching the land. If the deed was under the control of John H., Hiram must be presumed to carry it as his agent. Besides, Hiram's testimony was put into the case by the defendants; and he says nothing about his being, or acting as agent for the defendant, John Perry. His silence, when it was the interest of the defendants to prove such agency, affords a strong presumption, that none such existed. These depositions were correctly admitted, at the time when they were admitted, without waiting till the defendants had introduced the deposition of John H. Perry.—Other convincing testimony of a prior acceptance by an agent with full authority to contract and receive the deed for the defendant, John Perry, might do away the effect of these depositions. But there is no such proof in the case.

If our reasons for admitting these depositions be correct, it follows, of course, that the instructions of the Court upon this testimony, were also correct.—For the instructions were, that this deed, if executed in the absence of said John, the grantee, and not accepted by him, or any one authorized by him, when the attachment was made, would not vest the estate in the defendant against the plaintiff's attachment, even if the deed were upon good consideration. The instructions, in case the delivery was complete and the acceptance proved, appear not unsatisfactory to the parties. They surely are not liable to objection; for if the deed was found by the jury to be fraudulent, it must be void as against the plaintiff, who was a creditor of the grantor.

Our decision, however, is urged in favor of Bela R. Per-

WINDHAM,
February,
1833.
——————
Denton
vs.
J. Perry & al.

ry, one of the defendants, on the ground of his being a *bona fide* purchaser, without knowledge of the sayings of said John H. Perry; and we are called upon to presume all this from the existence of the deed merely. There are two reasons against admitting this presumption.—1st, The service of the plaintiff's writ of attachment, and leaving a copy with the Town Clerk, were sufficient notice, that the plaintiff intended to hold this land against the deed to John : Hence Bela must expect, when he receives a deed from John, to meet whatever testimony the plaintiff might produce to support his lien against that deed.—2d, Tho' Bela's deed would, of itself, be sufficient as against his grantor, when he would hold against an attaching creditor, whose attachment was upon record, he ought at least to show a good and *bona fide* consideration for his deed.

The judgement of the County Court is affirmed.