Byars's Garnishees *v.* Griffin.

———◆◆———

JOHN A. BYARS's Garnishees *v.* JAMES M. GRIFFIN.

1. ASSIGNMENT: CONDITIONAL CONTRACT: WHEN ASSIGNABLE.—A contract for the payment of money, upon condition that certain personal services are first performed by the promisee, is assignable after the conditions have been complied with, and the obligation of payment becomes absolute.

2. SAME: ASSIGNMENT BY DELIVERY: RIGHTS OF ASSIGNEE: GARNISHMENT.—An instrument for the payment of money, though not payable to bearer, is assignable without indorsement, so as to vest an equitable title in the assignee; and the promissor, after such assignment, is no longer a debtor to the payee, and is bound, after notice thereof, to pay the money to the equitable assignee; and hence, if he be summoned as a garnishee of the payee, after such equitable assignment has been made, he ought to be discharged.

3. WITNESS: COMPETENCY OF.—The payee is a competent witness for his gar-

nishees, to prove in support of their answer, which is contested, that before the service of the garnishment he had assigned the debt to a third person, if it appear that the assignment was made without his guaranty of payment—his interest being in favor of the garnisheeing creditor's success.

IN error from the Circuit Court of Yazoo county. Hon. E. G. Henry, judge.

*Gibbs* and *Bowman*, for plaintiff in error,
Cited 12 S. & M. 516; 25 Miss. R. 50; 26 Ib. 427; 1 Nott & M'Cord, 249; 5 Shepley, 327; 2 Greenl. R. 143; Ib. 322; 16 Johns. R. 51; 19 Ib. 95.

*Jones* and *Bowman*, contra,
Cited 6 Ves. Jr. 230; 5 Peters, R. 591; 12 S. & M. 519; 3 Black. Com. 157; 1 Chitty, Pl. 116; Bac. Abr. Tit. Cov. 551; Tate, Dig. 30; *Harwood* v. *Lewis*, 2 Cond. (U. S.) R. 307; *Henderson* v. *Hepburn*, 2 Call. R. 232; 25 Miss. R. 49; 26 Ib. 425; 2 Spence, Eq. Juris. 860, § 861; 6 Ves. Jr. 328; 9 S. & M. 373; Ib. 308.

HANDY, J., delivered the opinion of the court.

This was an attachment issued at the instance of the defendant in error against John A. Byars, and levied upon credits alleged to belong to him in the hands of the trustees of a public school, who were summoned as garnishees. These garnishees answered, stating that they had executed to Byars a written agreement, by which they had contracted to pay him a stipulated sum of money for teaching the school, that he had performed the contract on his part, and that the money was due from them under the contract; but that before the service of the garnishment, the trustees received notice from one Spencer Ball, that Byars had assigned to him the money due under the contract. This answer was traversed, and an issue was thereupon made up.

On the trial of this issue, the garnishees offered in evidence the agreement made between Byars and the trustees, by which they had agreed to pay him a stipulated sum for his services in teaching; also the deposition of Byars, (against whom, as the defend-

ant in the attachment, a judgment had been rendered,) showing that he had transferred to Ball, before the garnishment was issued, the contract executed with him by the trustees—that he made the transfer by delivering the paper to Ball, who paid him a valuable consideration for the same, there being no agreement that he should indemnify Ball for any loss that might accrue to him from the non-payment of it, and without any liability on his part in that event. This contract and the deposition of Byars, were objected to by the plaintiff, and excluded as evidence; to which ruling the garnishees excepted.

The garnishees then offered one Blake Ball as a witness, to prove the same facts in substance with regard to the transfer, the terms and consideration of it, as stated in the deposition of Byars; to which the plaintiff objected and the witness was not permitted to testify; and the garnishees excepted.

The first question for consideration arises upon the exclusion of the agreement, and the testimony of the witness Ball in relation to the alleged transfer of it by Byars to Spencer Ball.

It is to be observed that it was a contract by the trustees to pay a stipulated sum of money upon conditions, which had been performed by Byars, and the money had become due, and the obligation of the trustees absolute, before the service of the plaintiff's attachment. It is true, that the transfer, without a written assignment by Byars, could not pass the legal title to Ball, so as to authorize him to sue in his own name. But it is equally clear that the delivery of the instrument, upon a valuable consideration, and with the intention of transferring the entire beneficial interest in it to Ball, and that before notice of the attachment, would pass such an equitable interest as would authorize Ball to receive payment, and justify the trustees in making payment. This principle has been recognized in numerous cases in this court. And after such a transfer and delivery, if *bona fide* made and proved, the trustees could no longer be said to be the debtors of Byars, but were justified and bound in law to make payment to the *bona fide* assignee and holder of the instrument.

With respect to the competency of the defendant Byars, as a witness, it appears that a judgment had already been rendered

against him as a defendant in the attachment, and that he had transferred the contract to Ball, without guaranteeing its payment, and was under no liability to him in the event that the money should not be received by him upon it.  As a party to the record, he had no connection with, or interest in, the suit against the garnishees.  And so far as he could have had any collateral interest in the defence, it is manifest that he was interested against them and in favor of the plaintiff, to show that Ball was not entitled to receive the money on the contract; because thereby he would have discharged the plaintiff's claim against him, and being under no liability to indemnify Ball, his testimony might have discharged the only claim against him.  If he had any interest, it is therefore clearly against the defendants, the garnishees, and that was no ground of objection to him by the plaintiff.

The court therefore erred in excluding the written agreement, the deposition of Byars, and the witness Ball.

Judgment reversed, and cause remanded for a new trial.