ISAAC J. HART v. FORBES & BECK.

1. ASSIGNMENT. *Notice and acceptance thereof. Garnishment. Priority.*
   D. held a policy of insurance against loss by fire in the Western Assurance Company on a stock of goods. The goods were destroyed by fire. D. assigned the policy after the fire to H., to whom he was largely indebted, and delivered the policy and assignment to M., who was not the agent of H. for

any purpose. The assignment had been placed on record by D., who also telegraphed to H. informing him of the assignment of the policy and asking his approval. H., as soon as he received notice of the assignment, telegraphed his assent thereto. D. had, before the fire, promised H. to secure his claim in any event. After the assignment had been placed on record, but before H. had received notice and sigńified his approval of the same, the Western Assurance Company were garnished under an attachment issued at the instance of F. & B. against D. H. claimed the proceeds of the policy under the assignment to him. *Held*, that the assignment did not vest title in H. so as to give his claim precedence over the garnishment served before he received notice of the transfer and signified his assent thereto.

2. Attachment. *Writ returned by constable. Receipt by interested sheriff.*

Where the return on a writ of attachment issued by a justice of the peace returnable to the Circuit Court shows that the writ was duly received and properly executed by the constable it is not a good objection to such return that there also appears upon the writ an indorsement of the receipt thereof by one of the plaintiffs, a sheriff, for the constable.

Appeal from the Circuit Court of Warren.County.

Hon. Warren Cowan, Judge.

Davidson & Son held a policy of insurance in the Western Assurance Company of Toronto, Canada, for the sum of $2,000 on their stock of goods in a country store near New Carthage, Louisiana. On the morning of the 19th of February, 188 2 the stock of goods was totally destroyed by fire, and L. A. Davidson, one of the members of the firm of Davidson & Son, went immediately to Vicksburg, and about 1 o'clock a. m. of the 20th of February, assigned to I. T. Hart all the right title, and interest of the firm of Davidson & Son in this policy. Hart lived at Woodville, and the firm of Davidson & Son was largely indebted to him. When Hart made his last advance of money to Davidson & Son, some time before the fire, they had promised and agreed, at all hazards, to secure him, should misfortune overtake them. The assignment and the policy were delivered by Davidson to T. Mayer, for Hart, but Mayer was not the agent of Hart for any purpose. The assignment was placed on record in the chancery clerk's office, in Warren County, at 8 : 20 o'clock a. m. of the 20th of February. At 9 o'clock a telegram was sent by Davidson to Hart at Woodville, informing him of the assignment to him. In the mean-

time an attachment had been sued out, before a justice of the peace, returnable to the Circuit Court, by Forbes & Beck against Davidson & Son, with a garnishment against the Western Assurance Company. Before Hart received the telegram, and before he had any notice of the assignment to himself, the garnishment had been served upon the insurance company. As soon as Hart received the telegram from Davidson, he answered, accepting the assignment. The Western Assurance Company paid into court the amount due on the policy. The appellant, Hart, claimed the money by virtue of the assignment. The writ of attachment and garnishment was served and returned by a constable of the county, with his proper indorsement of the receipt and service thereof, but it also had an indorsement on it to the effect that it had been received by R. F. Beck, sheriff, for the constable by whom it was served. The attachment having been sustained, a trial of the claimant's issue was had, and the claimant objected to the introduction of the writ of attachment in evidence on the ground that it could not be lawfully received or returned by an officer having an interest in the writ, and then offered to prove that R. F. Beck was one of the plaintiffs in the attachment. The objection to the admission of the writ was overruled and the evidence offered by the claimant was excluded. From a judgment in favor of the plaintiffs in attachment the claimant appealed to this court.

*R. V. Booth*, for the appellant.

1. The assignment of the policy being for the benefit of Hart, he will be presumed to have accepted it. 2 Greenl. on Ev. (7th ed.), sect. 297 ; *Wall* v. *Wall*, 30 Miss. 97 ; 2 Salk. 618.

2. It was the intention of Davidson & Son to vest title in Hart, and such being their intention, the delivery by them of the policy to Mayer, *eo instanter* vested title in Hart. *Jones* v. *Swayze*, 42 N. J. 279 ; *Byars* v. *Spencer*, 101 Ill. 429 ; *Rawson* v. *Fox*, 65 Ill. 200 ; *Gunnell* v. *Cockerill*, 79 Ill. — ; *Campbell* v. *Kuhn*, 45 Mich. 513 ; *Read* v. *Robinson*, 6

Watts & S. 331; *Thatcher* v. *St. Andrew's Church*, 37 Mich. 264.

3. The agreement between Hart and Davidson & Son before the fire, that Hart should be secured in any event, may be considered as a ratification in advance of the assignment. 3 Co. 26 b; 1 Stra. 165; 2 Salk. 618.

*M. Marshal*, on the same side.

It will not be denied that unless the writ was lawfully served and returned, no proceedings in the case could be based on it. Now, the return of an execution or attachment is the indorsement of the action of the officer on it, and its delivery to the proper custodian of the office out of which it issued. *Beall* v. *Shattuck*, 53 Miss. 358. And the return by the constable directly to the Circuit Court would be void, and would give the court no jurisdiction. *Tucker* v. *Byars*, 46 Miss. 551; *Barnett* v. *King*, 55 Miss. 101. It is therefore necessary, in order to make out the legal return of the writ, to resort to the illegal and void act of the sheriff in returning his own writ. For if the sheriff's act in returning the writ was void, then there was no return at all, because the constable did not in fact return it. The delivery to Hart through Mayer would have vested the property in him from the time of its taking place. See 4 Kent's Com., marg. p. 455, note b; *Ibid.*, marg. p. 456, note a. Because that was the then intent of Davidson, and there was nothing to qualify the delivery. See *Ibid.* 456, note a. The deed was operative until a dissent or disclaimer. *Ibid.* 455, note b. The only way for Hart to avoid it was to reject it.

*T. C. Catchings*, for the appellees.

Where the conveyance is made directly to the creditors, their assent must be given at the time of the assignment, as it requires the agreement of two parties to make a contract. *Jones* v. *Dougherty*, 10 Ga. 289; Burrill on Assign. 389. The subsequent assent to the assignment could not affect the rights of Forbes & Beck. *Welch* v. *Sackett*, 12 Wis. 253; *Bell* v. *Farmers' Bank*, 11 Bush, 38; *The Commonwealth* v. *Jack-*

*son*, 10 Bush, 427 ; *Goodall* v. *Stinson*, 7 Blackf. 439 ; *Tuttle* v. *Turner*, 28 Texas, 773 ; *Parmelee* v. *Simpson*, 5 Wall. 85 ; *Harrison* v. *Phillips Academy*, 12 Mass. 476 ; *Denton* v. *Perry*, 5 Vt. 387 ; *Oxnard* v. *Blake*, 45 Me. 602 ; *Thayer* v. *Stark*, 6 Cush. 15 ; *Baker* v. *Haskell*, 47 N. H. 480 ; *Foley* v. *Howard*, 8 Iowa, 59 ; *Dote* v. *Bodman*, 3 Metc. 142 ; *Day* v. *Griffith*, 13 Iowa, 104 ; *Baird* v. *Williams*, 19 Pick. 385 ; Jones on Mort., sect. 104. The fact that when Davidson borrowed the money from Hart he assured him that in case misfortune should overtake him he would secure him, cannot add anything to the strength of the grantee's case. The agreement was too vague and indefinite to be of any force. *Day* v. *Griffith*, 13 Iowa, 104 ; *Baird* v. *Williams*, 19 Pick. 385 ; *Cobb* v. *Chase*, 54 Iowa, 253 ; Jones on Mort. sect. 108.

CAMPBELL, C. J., delivered the opinion of the court.

The delivery of the policy and assignment was sufficient as against Davidson & Son in any controversy between them and Hart ; but the question is, was it sufficient to vest title in Hart so as to give to his claim precedence over the garnishment which was served before he received notice of the transfer, and signified his assent to it ?

We reject the view held by some courts, and decide that the attachment and garnishment had precedence over the claim of Hart. *Woodbury* v. *Fisher*, 20 Ind. 387 ; *Parmelee* v. *Simpson*, 5 Wall. 81 ; *The Commonwealth* v. *Jackson*, 10 Bush, 424 ; *Bell* v. *Farmers' Bank*, 11 Bush, 34 ; *Goodsell* v. *Stinson*, 7 Blackf. 437 ; *Tuttle* v. *Turner*, 28 Texas, 759 ; *Oxnard* v. *Blake*, 45 Me. 602 ; *Welch* v. *Sackett*, 12 Wis. 243 ; *Baird* v. *Williams*, 19 Pick. 381 ; *Denton* v. *Perry*, 5 Vt. 382 ; Jones on Mort., sect. 104. The objection to the return of the writ is without merit.

Judgment affirmed.