SCHOOLFIELD, HANAUER & CO. *v.* HENRIETTA HIRSH ET AL.

1. ASSIGNMENT OF JUDGMENT. *Notice to debtor. Garnishment.*

A valid assignment of a judgment will defeat a subsequent garnishment of the judgment debtor by a creditor of the assignor, although when the garnishment was served such debtor had no notice of the assignment.

2. ASSIGNMENT IN PAYMENT OF DEBTS. *Acceptance by trustee. Effect.*

A written assignment of a judgment to a trustee to pay debts due to him and to others named therein, though reciting willingness by the creditors to accept it in satisfaction, takes effect, when accepted by the trustee, so as to defeat a subsequent garnishment of the judgment debtor by a creditor of the assignor, although the garnishment be served before the other beneficiaries had assented to the assignment. *Hart* v. *Forbes*, 60 Miss., 745, distinguished.

FROM the circuit court of Washington county.

HON. R. W. WILLIAMSON, Judge.

In December, 1890, Henrietta Hirsh obtained a judgment against the Louisville, New Orleans & Texas Railway Company for $1,800, and an appeal was prosecuted therefrom by the railway company. In May following, and pending the appeal, appellants, Schoolfield, Hanauer & Co., recovered a judgment against Mrs. Hirsh, and afterwards caused a writ of garnishment to be sued out under their judgment and served upon the railway company. But, before the suing out of the garnishment, Mrs. Hirsh, being indebted to Theo. Pohl and others, in amounts which aggregated more than the amount of the judgment, executed a written assignment of the judgment against the railway company to said Pohl to

pay the debts due to him and the other creditors mentioned therein. The assignment recited that the judgment had been appealed from, and that the appeal was pending. It purported to be in full payment of the debts mentioned, and recited as its consideration that said creditors were willing to accept the transfer in satisfaction of their debts. The creditors, other than Pohl, did not signify their assent to the assignment, or release their debts in consideration of it, until after the writ of garnishment had been served. It was shown that the railway company had no notice of the assignment before the service of the garnishment.

Before the return-day of the garnishment, the judgment in favor of Mrs. Hirsh against the railway company was affirmed by the supreme court, and the company answered the garnishment, admitting an indebtedness as shown by the judgment, but reciting that, after the service of the garnishment, it had been notified that Pohl was the owner thereof. Thereupon citation was issued to Pohl to appear and contest with plaintiffs the right to the money due under the judgment. An issue was made up between him, as claimant, and the plaintiffs, and, on the trial, the facts as above stated being shown, the court gave a peremptory instruction to the jury to find for the claimant, which was done, and, from a judgment in accordance therewith, .Schoolfield, Hanauer & Co., after motion for a new trial overruled, appeal.

*St. John Waddell*, and *Johnston & Johnston*, for appellants.

1. The assignment did not take effect until its acceptance by the creditors named in it. *Hart* v. *Forbes*, 60 Miss., 745.

The transfer was not to a trustee as security for creditors, but in payment of their debts, and exacted release. More accurately speaking, it was a proposed arrangement for payment and release of the debts. Assent to its conditions was indispensable to its validity. A subsequent acceptance could not defeat an intervening attachment. 12 Wis., 253; 12 Mass., 476; 10 Bush, 425; *Parmele* v. *Simpson*, 5 Wall., 86.

2. So far as the right of appellants under the garnishment are concerned, the assignment of the judgment was not complete until notice to the debtor. This is not the case of the assignment of negotiable paper, but of a judgment. *Vanbuskirk* v. *Insurance Co.*, 14 Conn., 141, s.c. 36 Am. Dec., 474; 10 Conn., 444; 22 Pa. St., 300; 3 Day, 364; 5 *Ib.*, 534; 1 Sneed (Tenn.), 339. This is the settled English doctrine. 3 Russ., 1, 30; 9 Bligh, 332.

*Jayne & Watson*, for appellee.

Notwithstanding the appeal, the judgment was still valid and binding, and was assignable. The claimants had accepted the assignment before the service of the garnishment, and it is immaterial whether the railway company had notice of the assignment before such service.

CAMPBELL, C. J., delivered the opinion of the court.

All the questions in this case resolve themselves into two, the disposition of which will be decisive of the case, and render unnecessary any reference to the others. These questions are:

1. Is the assignment of a judgment valid and effective to vest the title to it in the assignee so as to defeat a garnishment of the judgment debtor by a creditor of the assignor, without notice to the garnishee of the assignment before service of the garnishment?

We have no hesitation to answer this in the affirmative, both on principle and authority. Notice may be important as to the garnishee or the claims of conflicting assignees, but a valid assignment unquestionably passes the title of the assignor without notice to the debtor, and, after assigning, the assignor has no interest to be reached by his creditor in any proceeding. As between rival claimants of what is in the hands of a garnishee, notice to the garnishee is not matter for inquiry. Their rights do not depend on notice. Except as affected by the registry laws, a creditor can subject to

legal process only the interest of his debtor, and his debtor has no interest in a chose in action he assigned before seizure by legal process. *Oldham* v. *Ledbetter*, 1 How., 43 ; *Byars* v. *Griffin*, 31 Miss., 603; *Moffatt* v. *Loughridge*, 51 *Ib.*, 211. Many cases might be cited in support of this view, but it is needless.

A judgment is assignable, and the effect of assigning a judgment, so far as divesting the assignor of all interest, is the same as if the subject was something else.

2. The other question is, was the judgment in favor of Mrs. Hirsh assigned in such effectual way as to defeat the right of the garnishing creditor? She had, before the garnishment of her judgment debtor by her creditor, assigned the judgment, by written transfer, to Theo. Pohl, one of her creditors, to pay him and others named in the assignment their several claims, which were specified, in consideration of their acceptance of the judgment, shared among them, in full of their several demands, which aggregated more than the judgment. Pohl received and accepted the transfer, but the other creditors, beneficiaries of it, are not shown to have signified their assent to it until some days afterwards, and after the service of the garnishment. The argument is that the assent of the creditors provided for by the assignment was necessary to its validity, so as to defeat the intervening garnishment, on the established principle that two parties are necessary to a contract, and there must be *aggregatio mentium* and the assent of the grantee to make a grant good, and *Hart* v. *Forbes*, 60 Miss., 745, and other cases in accord with it, are relied on as decisive of the case on this principle.

In these cases the transfer was to the creditor, who had no knowledge of it and was no party to it, and therefore did not assent until after the rights of others attached to the subject of the transfer, and the principle here invoked was applicable and decisive. But in this case the assignment was to one creditor for himself and others, and he accepted it and gave a valuable consideration for it, and became a trustee

for the others, who were immediately entitled to enforce the trust in their favor.

The assignment certainly vested the legal title of the judgment in Pohl, and that put it beyond the reach of garnishment at law; and in a contest in a court of chancery between conflicting equities, the beneficiaries of the assignment, being prior in time, would be prior in right to the garnishing creditor.

The cases which hold that assent of the assignee is necessary, before seizure under legal process, to defeat the creditor, proceed on the proposition that until such assent the right to revoke the assignment is in the assignor; but Mrs. Hirsh did not have the right to revoke her assignment to Pohl after his acceptance of it for himself and others. Her right was gone. It was in Pohl and beyond her control, and therefore beyond the reach of her creditor. It is true, if all the other beneficiaries besides Pohl had refused assent to the assignment, he would have been either owner of the judgment himself or trustee for Mrs. Hirsh of the excess realized from the judgment beyond his claim; and he might, in such case, be garnished as her debtor, but no such case is presented. The other beneficiaries did not refuse assent. They had the right to signify assent within a reasonable time, and the trust created for them was not defeated or affected by the garnishment before they had given their assent.

The books make a wide distinction between a transfer directly to a creditor and one to a trustee for creditors. In the latter case, the assent of the trustee, by acceptance of the trust, renders the assignment irrevocable. That fulfills the requirement of two parties and an agreement of minds, and the assent of the beneficiaries is not necessary to the validity of the assignment. It creates a trust, and they may assent and claim its enforcement after attachment, execution, or garnishment. This is the true doctrine, as we think, and it has abundant support. Burrill on Assignments, § 284 *et seq.;* Bump on Fraudulent Conveyances, p. 324 *et seq.;* 44 Am.

Dec., 426–7; *Ingraham* v. *Kirkpatrick*, 6 Iredell Eq., 463; *Skipwith* v. *Cunningham*, 8 Leigh, 271; *Brooks* v. *Marbury*, 11 Wheaton, 78.

It seems also to be affirmed by most respectable courts in England and America that when an assignment is made, not to a stranger, a mere trustee, but to a creditor, in trust for others, that this makes the required assent of all to the assignment, or that no other assent than that of the creditor to whom the assignment is made is necessary. *Hastings* v. *Baldwin*, 17 Mass., 551; *Siggers* v. *Evans*, 32 Eng. Law & Eq., 139.

We think the assignment of Mrs. Hirsh to Pohl was effectual to vest in him the right to collect the judgment and carry out the assignment, and that the garnishing creditor has no right to the proceeds of the judgment, or any part of them.

The suggestion that the assignment was made for the very purpose of defeating the garnishing creditor, and therefore that it is void, is unavailing. It matters not if it was. If Mrs. Hirsh chose to prefer her creditors, named as beneficiaries in the assignment, and made the assignment for the purpose of preventing the appropriation of the judgment by another creditor, she did nothing but what the law allows. That is just as allowable a mode of preferring creditors as any other.

*Affirmed.*