## MARKET NAT. BANK OF CINCINNATI, OHIO, *et al.* v. RASPBERRY.

No. 2,000.. Opinion Filed June 25, 1912.

(124 Pac. 758.)

1. ASSIGNMENTS—Priority—Notice to Debtor. When there are two assignments for value of a chose in action to different persons, the second assignee takes the prior right, if he is the first to give notice to the debtor.

2. GARNISHMENT—Liability—Effect of Assignment. A plaintiff who causes a writ of garnishment to be served upon the debtor of the defendant is not a purchaser for value, and therefore cannot take the debt as against a prior assignee thereof for value, who has not given notice to the debtor of his assignment.

(Syllabus by Ames, C.)

*Error from District Court, Hughes County;*
*John Caruthers, Judge.*

Action by J. M. Raspberry against G. Sturm & Sons, in which J. A. Forrester & Son and C. E. Walker were summoned as garnishees, and the Market National Bank of Cincinnati, Ohio, and Elsas & Pritz intervened. Judgment for defendant against the garnishees, and interveners bring error. Reversed and remanded.

This action was commenced by J. M. Raspberry, plaintiff below, defendant in error, against G. Sturm & Sons, the original

defendant, to recover an indebtedness due the plaintiff from the defendant. Writs of garnishment were issued against J. A. Forrester & Son and C. E. Walker, and these garnishees answered, admitting an indebtedness to the defendant. Thereafter the Market National Bank of Cincinnati and Elsas & Pritz were allowed to intervene in the case. They set up claim to the indebtedness from the garnishees to the defendant, on account of an assignment executed prior to the commencement of the suit; the indebtedness assigned being nonnegotiable choses in action. The interveners had not notified the garnishees of their assignments until after the answers of the garnishees had been filed, admitting their indebtedness to the defendant. From a judgment in favor of the defendant as against the garnishees, the interveners have appealed.

J. R. Witty, for plaintiffs in error.

Walker & Fancher, for defendant in error.

Opinion by AMES, C. (after stating the facts as above). Two questions are involved in this case: First, as between two assignees of a chose in action, whether the first assignee, who serves no notice of the assignment, is entitled to priority against the second assignee, who does serve notice of his assignment; second, whether a plaintiff in a garnishment action, by serving process on the garnishees and obtaining an answer from them, is to be treated as a second assignee for value of the chose in action who has given notice of his assignment.

While there is much diversity of opinion in the decisions, it is settled by previous decisions in this state that, when the first assignee of a chose in action does not give notice of his assignment, the second assignee, who does give notice, takes priority. In *Jack v. National Bank of Wichita*, 17 Okla. 430, 89 Pac. 219, it is said in the syllabus:

"Where two assignments of a chose in action, for a valuable consideration, are made to different persons, the assignee who first gives notice of his claim to the debtor has the prior right, although the assignment to him is made subsequent to the time of the assignment to the other assignee."

In this case *Gillette v. Murphy*, 7 Okla. 91, 54 Pac. 413, is overruled on this point. The rule in *Jack v. National Bank of Wichita, supra,* has been followed in *Citizens' Nat. Bank of Chickasha v. Mitchell,* 24 Okla. 488, 103 Pac. 720, where the fifth paragraph of the syllabus is as follows:

"The banks, defendants in error, having procured subsequent assignments of the judgment, and caused notice of such assignments to be given to the debtors therein, are valid holders of such assigned judgment as against the original assignee, the plaintiff in error bank, who had in no way given notice' of its assignment."

*Jack v. National Bank of Wichita* and *Citizens' Nat. Bank of Chickasha v. Mitchell, supra,* follow the rule laid down by the English courts and the Supreme Court of the United States, and in those courts it is invoked in order to protect an innocent purchaser, the reason being that the creditor, if disposed to do so, might sell the chose in action to various purchasers, and that, if no notice is given to the debtor, there would be no method by which one contemplating a purchase could ascertain whether a previous assignment had been made, and therefore it is held that the purchaser first giving the notice is entitled to priority.

In section 695 of Pomeroy's Equity Jurisprudence (volume 2, 3d Ed.) it is said:

"It should be carefully observed, however, that to enable a subsequent assignee to obtain a priority in this manner, by giving the first notice to the debtor or legal holder, he must be an assignee in good faith and for a valuable consideration. If he parted with no consideration, he is a mere volunteer, and stands in the same position as his assignor."

This being true, the rule would not apply in this case, unless the plaintiff in the garnishment case is a purchaser in good faith and for valuable consideration, and we do not think this is true. Under our statute (Comp. Laws 1909, sec. 5724) the garnishee, from the time of the service of the summons, stands liable to the plaintiff to the amount of his debt to the defendant "to the extent of his right or interest therein," and it is manifest that the defendant in this case had no right to the choses in action which he had previously assigned in good faith to intervening creditors. There is no charge here that these prior assignments were with-

out consideration or fraudulent.   Our statute is in accord with the prevailing rule as to the rights of the plaintiff in the garnishment case.   This general rule is stated in Rood on Garnishment, par. 46, as follows:

"Unless the garnishee holds by conveyance in fraud of the defendant's creditors, the plaintiff's right to have the garnishee charged for any property or debt depends upon and is measured by the garnishee's liability to the principal defendant.   The plaintiff steps into the defendant's shoes, and acquires his rights, no more and no less, except that the garnishee may be summoned in respect to claims upon which the defendant has already brought suit, or which are not payable till some future date; and the want of previous demand, without which the defendant could not maintain an action, will not prevent the garnishee being charged.   The plaintiff stands upon the defendant's right, and is in no better condition than the latter would be if he were prosecuting the suit."

In *Schoolfield v. Hirsh,* 71 Miss. 55, 14 South. 528, 42 Am. St. Rep. 450, it is said:

"Is the assignment of a judgment valid and effective to vest the title to it in the assignee, so as to defeat a garnishment of the judgment debtor by a creditor of the assignor, without notice to the garnishee of the assignment before service of the garnishment?   We have no hesitation to answer this in the affirmative, both on principle and authority.   Notice may be important as to the garnishee or the claims of conflicting assignees; but a valid assignment unquestionably passes the title of the assignor without notice to the debtor, and, after assigning, the assignor has no interest to be reached by his creditor in any proceeding. As between rival claimants of what is in the hands of a garnishee, notice to the garnishee is not matter for inquiry.   Their rights do not depend on notice.   Except as affected by the registry laws, a creditor can subject to legal process only the interest of his debtor, and his debtor has no interest in a chose in action he assigned before seizure by legal process.   *Oldham v. Ledbetter,* 1 How. (Miss.) 43, 26 Am. Dec. 690; *Byars v. Griffin,* 31 Miss. 603; *Moffatt v. Loughridge,* 51 Miss. 211.   Many cases might be cited in support of this view, but it is needless."

The trial court concluded, after a review of the decisions in a carefully written opinion, that the subsequent assignee who gives the prior notice is entitled to priority, and regarded that as determining the case.   We agree with the opinion of the court

on the point discussed, but do not agree with his conclusion, on account of the fact that the plaintiff in garnishment is not a *bona fide* purchaser for value, and therefore, as stated by Pomeroy, is a mere volunteer, who takes only such a right as belonged to the defendant in the garnishment case.

We, therefore, think the case should be reversed and remanded.

By the Court: It is so ordered.