## FARMERS' & PRODUCERS' BANK v. FIRST NAT. BANK OF TULSA.

No. 8371—Opinion Filed Nov. 20, 1917.

(168 Pac. 1008.)

**1. Garnishment—Recovery—Debt.**

A plaintiff who causes a garnishee summons to be served on the debtor of a defendant is not entitled to recover against a prior assignee of the debt for value.

**2. Same—Claims—Assignment—Fraud—Evidence.**

Evidence examined, and held insufficient to impeach an assignment on the ground of fraud.

(Syllabus by Bleakmore, C.)

Error from County Court, Tulsa County; J. W. Woodford, Judge.

Action by the Farmers' & Producers' Bank against M. S. Isherwood, with garnishment against the First National Bank of Tulsa, on motion of which A. E. Lewis and E. M. Arnold were interpleaded. Judgment for interpleaders discharging the garnishee, and plaintiff brings error. Affirmed.

West, Sherman & Davidson, for plaintiff in error.

Bell & Fellows, for defendants in error.

Opinion by BLEAKMORE, C. The parties appear and are referred to here as in the trial court.

In July, 1915, the Farmers' & Producers' Bank, as plaintiff, commenced this action against M. S. Isherwood, defendant, seeking recovery on a promissory note. On July 26th thereafter plaintiff filed its affidavit and caused garnishment summons to issue to the First National Bank of Tulsa. On the following day the garnishee answered, denying that it was indebted to or had property of the defendant in its possession or under its control, but setting forth that in the month of May, 1915, there were deposited with it certain moneys and credits of M. S. Isherwood and E. M. Arnold pursuant to an escrow agreement between the Roxana Petroleum Company and the Devonian Oil Company, wherein it was provided that upon approval by the Secretary of the Interior of certain transactions between said companies, such moneys and credits should be delivered to the defendant and E. M. Arnold, and that on the 29th of May, 1915, defendant notified it that he had sold and assigned all his right, title, and interest in and to said moneys and credits to A. E. Lewis and E. M. Arnold, and directed it to deliver same to them under the said escrow agreement; that thereafter the Secretary of the Interior approved the transaction covered by the escrow agreement, whereupon the garnishee bank had obtained the sum of $50,000, the major portion of which had been disposed of pursuant to said agreement and notice, etc. Upon motion of the garnishee, Lewis and Arnold were interpleaded in the garnishment proceedings, and filed their answer therein setting forth that prior to May 29, 1915, there was deposited in escrow in the First National Bank of Tulsa certain moneys, credits, and effects which were to be paid and delivered to M. S. Isherwood and E. M. Arnold in the event the Secretary of the Interior should approve the assignment and transfer of certain oil and gas leases from the Devonian Oil Company to the Roxana Petroleum Company, said moneys, credits, and effects representing the commission that Isherwood and Arnold were to receive for effecting the sale of said leases, and that on said date Isherwood, for a valuable consideration, sold and assigned to them all his right, title and interest in and to said moneys, credits, and effects, notice of which sale and assignment was on the same date served upon the garnishee bank.

Issue being taken by plaintiff on the answers of the garnishee and interpleaders, the garnishment proceedings were tried to the court, resulting in judgment in favor of interpleaders and discharging the garnishee from which plaintiff has appealed.

The assignment by defendant to interpleaders of his interest in the $50,000 commission represented by the deposit of the moneys and credits subject to the escrow agreement prior to the bringing of the present action and the issuance of the summons in the garnishment proceedings is established by uncontroverted evidence. There is no conflict in the testimony, save possibly in regard to the consideration for the assignment, plaintiff asserting the same to have been only $7,500, while interpleaders insist that it is shown that they paid to defendant $11,000 therefor.

It is contended by plaintiff that the judgment sustaining the right of the interpleaders to recover under the assignment is contrary to the law and to the evidence, for the reason that the consideration paid was not commensurate with the value of the commission assigned, which disparity sufficiently establishes such bad faith on the part of interveners as to vitiate the assignment in so far as the claim of plaintiff as a creditor is concerned; and authorities are cited supporting the principle that such an assignment when made in fraud of the rights of creditors will not be upheld.

Relative to the circumstances under which the assignment was made, one of the interveners testified:

"Q. How did you come to buy this, take an assignment for this interest? Did he approach you? A. Yes, sir; he did. He came in the bank and first wanted to borrow money. I wouldn't loan him the

money, and he later offered to sell me his interest in this commission. At that time he didn't think the deal was going through very strongly; hadn't been very much encouraged; I presume he hadn't. He told friends of mine he was rather suspicious of whether the deal would go through or not. I got in communication with Messrs. Rice and Lyons, and they seemed to think the deal was going through. I talked to other friends of the Roxana, and also the Devonian, and from the best information I could find I concluded the deal would go through, and that was how I happened to buy it. I took the chance, and I got the money."

Manifestly it was appropriate in the garnishment proceedings to test the validity of the assignment and the good faith of the interveners, and to this end the entire transaction, including the elements of uncertainty relative to the action of the Secretary of the Interior, etc., was fully disclosed, and the bona fides of the parties were necessarily considered and determined by the court in arriving at its judgment.

Defendant's right to receive the commission in question had already accrued so far as any effort on his part was concerned. its payment being alone contingent upon the consummation of the transaction between the oil companies by departmental approval; and such commission must be held to have had, at the time, such potential, if not actual, existence as to render it a proper subject of assignment. The assignment involved appears in all respects regular; it was upon a valuable consideration, and, unless fraudulent as to plaintiff. was sufficient to convey complete title to interveners.

The rule that gross disparity between the consideration paid and the actual value of property conveyed by an insolvent debtor is regarded as a badge of fraud is inapplicable in the instant case, for the reason that there is an entire lack of evidence tending to establish that defendant was insolvent at the time of the assignment, or that the same was made in contemplation of his insolvency.

If under ordinary conditions the consideration paid for the assignment should be deemed inadequate, yet under the circumstances here, where the interests and rights of all parties were dependent upon uncertain official action, the value of defendant's interest in the commission, when assigned, might well be regarded as speculative.

"The value of a thing is what it will produce, and it admits of no precise standard. One man, in the disposal of his property, may sell it for less than another would. If courts were to unravel all these transactions, they would throw everything into confusion, and set afloat the contracts of mankind."

We are of the opinion that the trial court correctly determined that the evidence was insufficient to impeach the assignment on the ground of fraud, and that it operated as a valid transfer of defendant's right to the commission in question.

In Market Nat. Bank of Cincinnati, Ohio, et al v. Raspberry, 34 Okla. 243, 124 Pac. 758, L. R. A. 1916E, 79, this court held:

"A plaintiff who causes a writ of garnishment to be served upon the debtor of the defendant is not a purchaser for value, and therefore cannot take the debt as against a prior assignee thereof for value, who has not given notice to the debtor of his assignment."

In Terry v. Parnell, 29 Okla. 846, 119 Pac. 629, a case in which the facts are in many respects similar to those in the instant case. it was held:

"It is error to sustain an objection to the introduction in evidence of, an assignment duly executed, unimpeached, and in all particulars regular upon its face, under which a third party claims title to a fund in the hands of a garnishee."

It follows that the judgment of the trial court should be affirmed.

By the Court: It is so ordered.