PAYNE v. FINLEY.   (No. 463.)

(Court of Civil Appeals of Texas. Waco. Feb. 17, 1927.)

1. Appeal and error ⟨⟩285, 719(4)—Sustaining general demurrer to petition in intervention, if error, is fundamental, and will be reviewed without formal assignment or motion for new trial.

Though transcript contains neither motion for new trial nor assignment of error, the action of the trial court in sustaining a general demurrer to a petition in intervention, if erroneous, is fundamental error, and must be reviewed.

2. Garnishment ⟨⟩105—Garnishing creditor acquires only rights of debtor in garnished property.

A creditor, by service of writ of garnishment, acquires only such rights in or to the fund or property impounded by service of the writ as his debtor had at the time.

3. Garnishment ⟨⟩203—Rights of claimant of garnished property are not dependent on notice to garnishment creditor.

Rule that garnishing creditor acquires only his debtor's interest in garnished property is in no way dependent upon whether or not such creditor had notice of claims to property.

4. Garnishment ⟨⟩216—Petition in intervention, alleging prior mortgage and assignment of rents garnished, held sufficient to show rights superior to garnishing creditor's.

Allegations of prior mortgage and assignment of rents, in a petition in intervention in garnishment proceedings, held sufficient to show that intervener's rights to the proceeds of a judgment for rents obtained by the debtor against the garnishee were superior to the rights of the garnishing creditor.

5. Garnishment ⟨⟩206—Garnishee may implead all claimants to garnished fund to protect himself against double recovery.

A garnishee has the right to protect himself against the possibility of double recovery by impleading all claimants to the garnished fund and requiring them to litigate their adverse claims.

6. Garnishment ⟨⟩209—Assignee and mortgagee of fund may intervene in garnishment proceedings to protect his interest in the garnished fund.

One to whom rents have been assigned and mortgaged may intervene in garnishment proceedings against the lessee, garnished for proceeds of a judgment for rents supposedly due the lessor, without being impleaded by the lessee, and set up his claim to these proceeds.

7. Assignments ⟨⟩138—Though lessor obtains judgment for rents in his own name, his assignee and mortgagee of rents has right thereto when collected.

The fact that a judgment against a lessee for rents is obtained by the lessor in his own name does not divest the lessor's assignee and mortgagee from his right to have the rents, when collected, applied to the satisfaction of his debt.

8. Assignments ⟨⟩138—Though lessor in his own name obtained judgment for rents, his assignee and mortgagee of rents held not estopped to set up claim against garnishing creditor of lessor.

The fact that a lessor obtained judgment for rents against the lessee in his own name held not to estop one to whom lessor had assigned and mortgaged rents from setting up his prior claim against a garnishing creditor of the lessor.

Appeal from Hill County Court; Olin Culberson, Judge.

Garnishment proceedings by T. H. Finley, judgment creditor of J. C. Harper and Dave Harper, against C. W. Harris, garnishee, in which J. F. Payne intervened. From a judgment sustaining a demurrer to his plea of intervention, intervener appeals. Reversed and remanded.

Morrow & Stollenwerck, of Hillsboro, for appellant.

T. H. Jackson, of Hillsboro, for appellee.

GALLAGHER, C. J. This appeal is prosecuted by J. F. Payne, appellant herein, from a judgment of the county court, sustaining a general demurrer presented by T. H. Finley, appellee herein, to a petition of intervention filed by him in a certain garnishment proceeding. Appellee on the 15th of February, 1926, filed in said court an affidavit alleging that he was a judgment creditor of J. C. Harper and Dave Harper in the sum of $372.05, and that C. W. Harris, garnishee herein, was indebted to said J. C. Harper. A writ of garnishment was duly issued and served on said Harris. He answered, admitting that he was indebted to said J. C. Harper in the

sum of $192.08, being the balance due on a certain judgment recovered by said Harper against him in said court. Appellant on the 19th of March, 1926, intervened in said garnishment proceeding and alleged that said J. C. Harper and Dave Harper owned certain land and that they rented the same to said Harris for the year 1925; that on or about the 20th of January, 1925, said Harpers were indebted to him in the sum of $573.85, and that to secure said indebtedness they executed to him a chattel mortgage on all rents to be paid by said Harris for the use of said land for said year, and that they also assigned all such rents to him to secure such indebtedness; that said mortgage was duly recorded; that said Harris failed to pay said rents for said year, and that said J. C. Harper sued therefor and caused a distress warrant to be issued and the crops raised on said premises to be seized thereunder; that said Harris replevied said property, and that said Harper in said suit recovered a final judgment for such rents in the sum of $226.58 against said Harris and the sureties on his replevy bond. He claimed by virtue of said mortgage and assignment a prior right to the proceeds of said recovery as against any and all rights acquired by appellee by reason of the service of said writ of garnishment.

The case came on for hearing upon appellee's affidavit for garnishment, the answer of the garnishee and appellant's petition of intervention. Appellee demurred generally to appellant's said petition, and the court sustained said demurrer and dismissed said petition. The court then rendered judgment in favor of appellee against said garnishee for said sum of $192.08, and directed execution issued on the original judgment and the proceeds thereof when collected or paid by the garnishee deposited in the registry of the court pending the final adjudication of the controversy between appellant and appellee. Appellant presents said judgment to this court for review.

## Opinion.

[1] The transcript in this case contains neither motion for new trial nor assignment of error. The action of the trial court, however, in sustaining a general demurrer and dismissing appellant's intervention, if erroneous, constituted fundamental error, and it is our duty to review the same, notwithstanding the absence of a formal assignment. The judgment recovered by J. C. Harper against the garnishee was for rents for the year 1925. While said judgment was in the name of Harper, appellant, by virtue of his assignment of the rents for which the same was recovered, was the equitable owner thereof, and as between him and Harper entitled to receive the proceeds when collected. Appellee claimed the right to subject the proceeds of said recovery to the payment of the judg-

291 S.W.—60

ment held by him against said Harpers by virtue of the rights acquired by him by the issuance and service of said writ of garnishment. Appellant claimed the right to resist such an appropriation by appellee and the right to appropriate the proceeds of said recovery to the satisfaction of the indebtedness owed by the Harpers to him, by virtue of his prior mortgage and assignment of the indebtedness upon which such recovery was based.

[2-4] A creditor by service of a writ of garnishment acquires only such rights in or to the fund or property, if any, impounded by the service of such writ, as his debtor had therein at the time. The rights so acquired are therefore subject and inferior to all valid existing claims of third parties thereto, whether legal or equitable. The application of this rule as between such claimant and the garnishing creditor is in no way dependent upon whether such creditor had notice of such claims or not. Hubbell, Slack & Co. v. Farmers' Union Cotton Co. (Tex. Civ. App.) 196 S. W. 681, 684, and authorities there cited; Stillson v. Stevens (Tex. Civ. App.) 23 S. W. 322, 323; Milmo Nat. Bank v. Convery, 8 Tex. Civ. App. 181, 27 S. W. 828, 829; Fannin County Nat. Bank v. Gross (Tex. Civ. App.) 200 S. W. 187, 189; Amarillo Nat. Bank v. Panhandle Tel. & Tel. Co. (Tex. Civ. App.) 169 S. W. 1091, 1092, 1093; 28 C. J. pp. 255, 256, § 353; 12 R. C. L. p. 848, § 90; Market Nat. Bank v. Raspberry, 34 Okl. 243, 124 P. 758, L. R. A. 1916E, pp. 79, 81, and note 6, p. 82; Glover v. Wells, 140 Ill. 102, 29 N. E. 680, 681, 682. Appellant's allegations are sufficient to show that his right to the proceeds of said judgment were superior to any right acquired by appellee by the service of said writ of garnishment.

[5, 6] The garnishee, Harris, had the right, had he seen fit to exercise it, to protect himself from the possibility of a double recovery by impleading appellant and requiring him to set up his claim to the proceeds of said judgment and to litigate the same with appellee in this suit. Iglehart v. Moore, 21 Tex. 501, 504, 505; Smith v. T. & P. Ry. Co. (Tex. Civ. App.) 39 S. W. 969, 971. Appellant also had the right, regardless of the failure of Harris to implead him, to intervene in the suit and set up his claim to the proceeds of said judgment and to litigate with appellee the issue of priority. Kelly Grain Co. v. English (Tex. Civ. App.) 34 S. W. 651; Staley, Langford & Chenault v. City Nat. Bank (Tex. Civ. App.) 253 S. W. 626, 628, 629; Zimmerman Land & Irrigation Co. v. Rooney Merc. Co. (Tex. Civ. App.) 195 S. W. 201, 205; Reinertsen v. Bennett & Sons (Tex. Civ. App.) 185 S. W. 1027, 1029, 1030, and authorities there cited; Brown v. Cassidy-Southwestern Commission Co. (Tex. Civ. App.) 225 S. W. 833, 834.

[7, 8] The judgment of the court in this case recites that appellant's plea of inter-

vention was dismissed in response to exceptions urged against the same by appellee. Neither said exceptions nor the substance thereof are shown by the record. The court signed a bill of exceptions tendered by appellant, in which he recited that appellant's plea of intervention was dismissed because he considered appellant guilty of laches, in that he did not assert his claim in the original suit by Harper against Harris in which said judgment was recovered, but asserted the same for the first time in this garnishment proceeding. Harper, the plaintiff in the original suit, being the landlord, it is apparent that it was more convenient to assert the demand for rent and recover a judgment thereon in his name than in the name of appellant as assignee. For aught that appears in the record, such action by Harper may have been with the knowledge and consent of appellant and in full recognition of his right to the proceeds of said judgment when collected. The fact that said judgment was recovered in the name of Harper did not divest appellant's right to have said rents when collected applied to the satisfaction of his debt, nor estop him to demand such application.

The judgment of the trial court is reversed, and the cause is remanded.