MEM. — SHEPLEY J. was employed in the trial of questions for the jury in the County of Washington, and did not attend during the arguments of the cases in this county, at this term, nor take any part in the decisions thereof.

## EDMUND ABBOTT & al. versus FRANCIS L. B. GOODWIN.

A contract, free from actual fraud, where the owner of a stock of goods mortgages them to secure the plaintiffs against certain liabilities on certain notes, assumed for him as his sureties, containing a stipulation that the mortgagor should retain the possession of the goods until default should be made in the payment of the notes, or some of them, and "should pay over and account for the proceeds of all sales of said goods to the mortgagees, to be applied in payment of said notes, or directly to apply said proceeds to the payment of said notes, at the discretion of the mortgagees," is a lawful contract.

All persons coming in under the mortgagor, stand by substitution in his place, and are equally affected by the contract, whether notified of its existence or not.

The power of the mortgagor to make sale of the goods may be implied from his covenant to account to the mortgagees for the proceeds of the sales.

If the mortgagor sell the goods, and with the proceeds thereof purchase other goods, these last represent the first, and are substituted for them, and are equally subject to the lien of the mortgagees thereon. So if the mortgagor exchange the goods mortgaged for other goods, and the mortgagees choose to ratify it, the goods received in exchange are equally subject to their lien.

TRESPASS for taking four hundred casks of lime. With the general issue the defendant filed a brief statement, justifying the taking by him, as a deputy sheriff, as the property of George

E. Abbott, on a writ against him in favor of O. Fletcher, a creditor.

To prove the property to be in them, the plaintiffs, E. Abbott, B. Shaw, N. Rich, and I. Rich, Jr. introduced a bill of sale of certain goods from George E. Abbott to themselves, with a condition that if George E. Abbott should cause to be paid certain notes of hand to certain persons named, for certain sums, given by G. E. Abbott as principal, and by the plaintiffs as his sureties, then the sale was to be void. And it was agreed in the same instrument, that until default should be made in the payment of said notes, or of some one of them, G. E. Abbott should retain the possession of the goods, "and pay over and account for the proceeds of all sales of said goods to them, to be applied in payment of said notes, or directly to apply said proceeds to the payment of said notes, at the discretion of" the plaintiffs. The plaintiffs proved the delivery to them of the goods. G. E. Abbott continued in possession of the goods described in the bill of sale, being the stock of a store, and managed the property as before the sale. The lime was not a part of the goods included in the bill of sale, but "was obtained in exchange for goods, and proceeds of sale of goods, which were mortgaged to the plaintiffs." When this contract was made, the law did not require that mortgages of personal property should be recorded.

It was agreed, that the defendant should be defaulted, or the plaintiff nonsuited, as the Court should determine upon their legal rights.

*W. G. Crosby,* for the plaintiffs, contended, that as the intention was to secure the plaintiffs for their liabilities for G. E. Abbott, and there was no fraud practised or intended, the mortgage is valid against creditors, although he continued in possession. *Ward* v. *Sumner,* 5 Pick. 59; *Homes* v. *Crane,* 2 Pick. 607. A chattel mortgaged is not liable to be seized on execution or attached for the debt of the mortgagor, the money due not having been paid, nor tendered. *Holbrook* v. *Baker,* 5 Greenl. 309.

A mortgagee of personal property, may maintain trespass against a stranger who takes it from the possession of the mortgagor. *Woodruff* v. *Halsey,* 8 Pick. 333; *Fobes* v. *Parker,* 16 Pick. 462; *Ingraham* v. *Martin,* 15 Maine R. 373. But the St. 1835, c. 178, § 1, has abrogated all distinctions between trespass and case, and it is now immaterial which action is brought.

The lime, having been received in exchange for goods belonging to the plaintiffs, is their property. Story on Bailm. § 294; *Macomber* v. *Parker,* 14 Pick. 497. G. E. Abbott was the agent of the plaintiffs. His possession was their possession, and his acts were their acts. The possession of the agent therefore did not impair the rights of the plaintiffs to maintain the action. *Melody* v. *Chandler,* 3 Fairf. 282; *Jarvis* v. *Rogers,* 15 Mass. R. 396; *Kinder* v. *Shaw,* 2 Mass. R. 398; *Ware* v. *Otis,* 8 Greenl. 387.

*Kelley,* for the defendant, contended that this action could not be maintained, even if a proper one could. Possession is necessary to maintain trespass. The plaintiffs have never had possession of the lime.

The articles contained in the schedule only were conveyed by the bill of sale. That did not include the lime, and the plaintiffs have shown no title to it. The bill of sale does not authorize G. E. Abbott to continue to trade on account of the plaintiffs, but merely to sell the goods and pay over the proceeds on the notes mentioned. In this the plaintiffs trusted entirely to his honesty, and he is responsible to them, if he misappropriates the proceeds of the sales. The lime became his property, and not the plaintiffs', and is liable to be attached and held to pay his debts. If the plaintiffs can prevail, the principle would enable them to follow the property sold by Abbott into the hands of any *bona fide* purchaser, and take it from him. *Reed* v. *Jewett,* 5 Greenl. 96; *Holbrook* v. *Baker,* ib. 309; *Paget* v. *Perchard,* 1 Esp. R. 205.

But these goods were never mortgaged to the plaintiffs; they were never delivered to them, and they have no right to them.

The opinion of the Court was by

WESTON C. J. — The business transacted between the plaintiffs and George E. Abbot, and the bill of sale executed by him to them, must be taken to have been fair and *bona fide*, the report containing no suggestion or intimation of fraud. By that instrument, the goods described therein, were mortgaged to the plaintiffs, to secure them against certain liabilities, which they had assumed for him. If free from fraud, contracts of this kind have been repeatedly adjudged lawful, and of sufficient validity to secure to the mortgagee or mortgagees the property transferred, until vacated by the performance of the condition. And all persons coming in under the mortgagor, stand by substitution in his place, equally affected by the contract, whether notified of its existence or not. *Lunt* v. *Whitaker*, 1 Fairf. 310.

Under the bill of sale, the goods became the property of the plaintiffs, with a right of redemption only in George E. Abbott. Until he did redeem, by performing the condition, as between them, the plaintiffs had all the rights of ownership, modified by a right of possession secured to him, until he made default, with the power of selling the goods, which may be implied, from his covenant to account to them for the proceeds of all sales, to be applied to the payment of the debts intended to be secured, or to be so directly applied by him, at the discretion of the plaintiffs. They authorized sales, and they secured to themselves the power to control the proceeds for the same purposes, for which the goods were mortgaged. The proceeds were purchased with their property, through his agency, under their authority. They represented the goods, were substituted for them, and by the contract, were equally subject to their control. *Blood* v. *Palmer*, 2 Fairf. 414. It was manifestly the intention of the parties, that the proceeds should be subject to their lien. If he sold for cash, the money was theirs, so long as it could be identified. And if with the money received he purchased other property, the property so purchased was theirs, until he extinguished their right, by fulfilling the condition. So if he exchanged the goods mort-

gaged, for other goods, and they chose to ratify it, the goods received in exchange were equally subject to their lien.

This course of proceeding, was not calculated *to injure* other creditors. The debtor's right to redeem was all, which could be made available for their benefit, under the statute of 1835, c. 188. And the remedy there provided would apply as well to the substituted goods, as to those originally mortgaged. Nor would the mortgagor obtain credit by the possession of the one, any more than by the possession of the other. *Macomber* v. *Parker*, 14 Pick. 497., is a strong case in support of the plaintiffs' right; and we refer to the elaborate opinion there given, without repeating the illustrations, or citing the authorities, upon which it is founded. That possession of the goods by the mortgagor, with the power to sell them does not impair the rights of the mortgagee, was decided in *Melody* v. *Chandler*, 3 Fairf. 282.

The right of the plaintiffs being established, trespass would be the appropriate remedy, if the mortgagor had made default in the performance of the condition, and case, if he had not. *Woodruff* v. *Halsey & al.* 8 Pick. 333 ; *Forbes* v. *Parker*, 16 Pick. 462. No objection can be taken then to the remedy; the Statute of 1835, c. 178, § 1, having made trespass and case equally available, where either was proper before.

*Defendant defaulted.*