## MILLER v. SMITH.

No. 15200—Opinion Filed Feb. 17, 1925.

Rehearing Denied April 7, 1925.

### Appeal and Error—Review of Equity Case —Sufficiency of Evidence.

In a case of purely equitable cognizance this court will examine and weigh the evidence, but the findings and judgment of the trial court will not be disturbed on appeal because of insufficiency of the evidence, unless it is made to appear that such findings and judgment are against the clear weight of the evidence.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Harmon County; Frank Mathews, Judge.

Action by Anna V. Miller against E. T. Smith, Sheriff of Harmon County. Judgment for defendant, and plaintiff appeals. Affirmed.

Robinson & Oden and Ross Cox, for plaintiff in error.

C. H. Madden, for defendant in error.

Opinion by SHACKELFORD, C. This was an action by Anna V. Miller, plaintiff in error, hereinafter referred to as plaintiff, against E. T. Smith, sheriff of Harmon county, defendant in error. hereinafter referred to as defendant, for a permanent injunction restraining the said defendant from selling certain property levied upon in satisfaction of a judgment obtained by B. A. LaSalle against Fred C. Miller, the husband of the plaintiff. The plaintiff alleges that she is the owner and in peaceable possession of the property attempted to be sold to satisfy said judgment, and was such owner long before the execution was levied, and that the said Fred C. Miller has no interest therein; and prays for an injunction restraining the defendant from making said sale. A temporary injunction was granted pending the hearing on the petition. The defendant filed a demurrer to the petition,

which was overruled, and thereafter filed a motion to dissolve the injunction for the reasons (1) that the plaintiff has an adequate remedy at law; (2) that the deed from Fred C. Miller to Anna V. Miller, his wife. under which she claims title to the property herein involved, was a fraud upon the creditors of the said Fred C. Miller, and that the same is void for want of consideration. On a trial of the cause on December 3, 1923, the trial court entered judgment for the defendant dissolving the temporary injunction theretofore issued; and the plaintiff appeals to this court. The specifications of error are argued under the single proposition that the trial court erred in rendering judgment for the defendant dissolving the temporary injunction, and in failing to render judgment for the plaintiff, granting her a permanent injunction.

It is urged that the judgment is against the clear weight of the evidence. The evidence shows that the property, which was a light and ice plant, was the joint property of the plaintiff and Fred C. Miller, the plaintiff having furnished about one third and her husband two thirds of the capital. The deed from Fred C. Miller to plaintiff recites a consideration of $100. Plaintiff testified that she later paid Fred C. Miller $1,700; that he had taken out of their joint property about $8,000, and that she paid joint obligations in the sum of $3,500. Of the $8,000 taken out of the joint property by Fred C. Miller, the plaintiff would have been entitled to $2,666.66, figuring it on a basis of her one-third interest in the property. Of the $3,500 joint obligations paid by plaintiff, $2,333.32 was the obligation of Fred C. Miller, he being the owner of two-thirds of the property. Therefore, the recited. consideration of $100, the $1,700 paid to Fred C. Miller by plaintiff. the $2,666.66, plaintiff's part of the $8,000, and the $2,333.32, Fred C. Miller's part of the $3,500 joint obligations paid by plaintiff, would make a total consideration for the deed of $6,799.98, according to the plaintiff's own testimony. On April 6, 1922, the plaintiff made a statement of the condition of the Hollis Light & Ice Company to Bradstreet & Company, showing the total assets of the company to be $65,850. and the total liabilities $8.237, or a net worth of $57,613. Fred C. Miller's interest in this property was of the value of $38,409.32. or two-thirds of the total net value. It was this interest which he deeded to the plaintiff for a total consideration of $6 799.98, according to the testimony of the plaintiff.

Section 5271, Comp. Stat. 1921, provides:

"Every conveyance of real estate or of any interest therein and every mortgage or other instrument in any way affecting the same made without a fair and valuable consideration, or made in bad faith, or for the purpose of hindering, delaying, or defrauding creditors shall be void as against all persons to whom the maker is at the time indebted or under any legal liability."

While it is true that the courts have held that mere inadequacy of consideration alone will not render such a transfer as the one now under consideration void as to the creditors, unless the consideration is so inadequate as to shock the conscience of the court, yet, the relation of the parties, and the inadequacy of the consideration are facts which may be taken in consideration as bearing upon the question of fraud in the execution of the conveyance, and are circumstances from which fraud may be inferred.

B. A. LaSalle testified that the notes on which he sued and obtained judgment against Fred C. Miller were given as part purchase price for a rotary drilling rig. and that he extended the credit to Miller largely upon his representation that he was the owner of the light and ice plant at Hollis. Such representations were made by Fred C. Miller as late as October, 1922, some six months subsequent to the date of the deed from Fred C. Miller to the plaintiff, but two months before the same was filed for record, the deed having been executed on March 20, 1922, but not filed for record until December 4, 1922.

Taking into consideration the representations made by Fred C. Miller as to his ownership of the property herein involved, for the purpose of securing the credit on the purchase price of the drilling rig; the fact that the transfer made by him to plaintiff was subsequent to the execution of the notes; the withholding of the deed from record; the relationship of the grantor and grantee in the warranty deed, and the inadequacy of the consideration passing from the plaintiff to Fred C. Miller, we cannot say that the judgment of the trial court dissolving the injunction, which was in effect a holding that the execution of the deed in question was a fraud upon the creditors of Fred C. Miller, is against the clear weight of the evidence.

The plaintiff makes much of the fact that although B. A. LaSalle had a mortgage on the rotary drilling rig to secure the indebtedness evidenced by the notes, he did not elect to foreclose his mortgage. The evidence discloses that the drilling rig was located in Texas. LaSalle had a right to abandon the mortgage and sue on the notes if he so

desired, and his action in so doing constitutes no cause for complaint in this proceeding.

The defendant contends that even if it should be held that the conveyance from Fred C. Miller to the plaintiff did not constitute a fraud upon the creditors of the said Fred C. Miller, the judgment of the court below should be affirmed for the reason that the plaintiff has a complete and adequate remedy at law, and therefore the action for injunction will not lie. Since we have seen that the judgment of the court is supported by the evidence, it is unnecessary to pass on this contention.

Finding no error requiring a reversal of the judgment, we recommend that the same be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. pp. 897, 898, §§2868, 2869.