Note.—See under (1) Workmen's Compensation Acts—C. J. pp. 73, 74, §64; anno. L. R. A. 1916A. 40; 232; L R. A. 1917D, 114: L. R. A. 1918F, 896; 28 R. C. L. p. 802; 3 R. C. L. Supp. p. 1596; 4 R. C. L. Supp. p. 1856; 5 R. C. L. Supp. p. 1569; 6 R. C. L. Supp. p. 1756. (2) Workmen's Compensation Acts—C. J. p. 122, §127; anno. L. R. A. 1916A. 178. 266; L. R. A. 1917D. 186: 28 R. C. L. p. 828; 3 R. C. L. Supp. p. 1600; 5 R C. L. Supp p. 1581; 6 R. C. L. Supp. p. 1766: (3) Workmen's Compensation Acts—C. J. p. 43, §35. (4) Workmen's Compensation Acts—C. J. p. 122, §127.

---

## WILSON'S v. JACKSON et al.

No. 17850. Opinion Filed Jan. 10, 1928.

(Syllabus.)

1. Garnishment—Priority of Assignment of Fund.

A plaintiff who causes a writ of garnishment to be served upon the debtor of the defendant is not a purchaser for value, and therefore cannot take the debt as against a prior assignee thereof for value. (Market National Bank of Cincinnati v. Raspberry, 34 Okla. 243, 124 Pac. 758.)

2. Sunday—Validity of Contract Made on Sunday not Disputable by Third Party.

A third person, not a party to a contract, cannot dispute its validity on the ground that it was made on Sunday.

3. Judgment Sustained.

Record examined, and held sufficient to sustain the judgment of the trial court.

Error from County Court, Pontotoc County; Tal Crawford, Judge.

Action by Wilson's, a corporation, against C. A. Jackson, alias Mullins or Tom Wallace, and Conway O. Barton, et al. From judgment for defendant Barton, plaintiff brings error. Affirmed.

McKeown & Green, for plaintiff in error.

King & Delaney, for defendant in error Conway O. Barton.

HEFNER, J. This is an appeal from the county court of Pontotoc county and was an action on the part of plaintiff against defendants for money had and received.

The plaintiff is a corporation engaged in the dry goods business in Ada; the defendant Schienberg-Quicksilver Company is also engaged in the dry goods business, and Conway O. Barton is an attorney at law. The facts are substantially as follows.

C. A. Jackson purchased from plaintiff a bill of dry goods in the sum of $14 and in payment therefor gave a cotton check for $102.50, purported to have been drawn by J. G. Dunn in favor of C. A. Jackson. Plaintiff cashed the check, deducted the amount necessary to pay for the bill of goods and paid Jackson the balance in cash in the amount of $88.50. Upon an investigation, the plaintiff found that the cotton check was a forgery. About twelve o'clock at night, Jackson was located and the plaintiff took charge of the dry goods purchased and took from his person the sum of $88.50 in cash. The officer took charge of Jackson and the cash. He placed Jackson in jail and delivered the cash to Sommers Jones, mayor of Ada. The dry goods were delivered to the plaintiff. This was on Saturday night. Early Sunday morning Conway O. Barton, one of the defendants, obtained a written assignment from Jackson for the $88.50. Early Monday morning plaintiff instituted suit in the justice court against Jackson for judgment in the sum of $88.50 and at the same time sued out a garnishment summons against Mayor Jones, which was served upon him at 6:15 Monday morning. Upon these facts, the justice court rendered judgment in favor of plaintiff and against the defendant Barton, who appealed the case to the county court and, upon a trial there, the court instructed the jury to return a verdict in favor of plaintiff and

against Jackson for the indebtedness, and against plaintiff and in favor of Barton upon the garnishment proceedings; from which judgment the plaintiff has appealed to this court.

For reversal, the plaintiff urges that the judgment and the verdict are contrary to both the law and the evidence.

The money found on Jackson at the time of his arrest was doubtless the same money that was paid to him by the plaintiff on the forged check. This, however, is not an action of replevin to recover possession of the money on the theory that no title to it ever passed to Jackson by the forged check, but is an action to recover a personal judgment against the defendant Jackson. The bill of particulars alleged that Jackson was due the plaintiff the sum of $88.50 for money had and received. In the garnishment affidavit the plaintiff alleged that the garnishee was indebted to the defendant Jackson and that Jackson was indebted to the plaintiff. The plaintiff elected to treat Jackson as its debtor, with the ancillary remedy of garnishment.

The first question necessary for us to determine is whether or not an assignment of a fund takes precedence over the lien of a garnishing creditor who has no notice of such an assignment. The defendant Conway O. Barton was employed by Jackson to defend him in the criminal action pending against him, and the assignment of the $88.50 was made by Jackson for the purpose of paying Barton to represent him in the criminal action. It was executed and delivered the day before the writ of garnishment was served, but, at the time the writ of garnishment was served, the plaintiff did not know of the assignment. The question of the priority of an assignment over a lien of a garnishing creditor was passed upon by this court in the case of Market National Bank of Cincinnati, Ohio, v. Raspberry, 34 Okla. 243, 124 Pac. 758, wherein this court said:

"A plaintiff who causes a writ of garnishment to be served upon the debtor of the defendant is not a purchaser for value, and therefore cannot take the debt as against a prior assignee thereof for value, who has not given notice to the debtor of his assignment."

There is no charge that the assignment was without consideration or fraudulent. It must, therefore, be admitted that it was based upon a sufficient consideration and that there was no fraud in connection therewith. This being true, under the authority announced in the Raspberry Case, supra, it

must take precedence over the garnishment proceedings instituted by the plaintiff.

As a further ground for reversal, plaintiff urges that, since the assignment was executed on Sunday, and since it was not ratified on a week day before the service of the garnishment, the assignment is void and of no effect. This brings us to the consideration of the question as to whether or not a third person, not a party to the contract, can dispute the validity of the contract on the ground that it was made on Sunday. It is conceded that Conway O. Barton accepted the assignment in good faith in payment of his fee as a practicing attorney and that he performed his services faithfully and well. As to whether or not a person, not a party to a Sunday contract, can attack its validity is discussed in 37 Cyc., page 567, and the general rule in reference thereto is stated as follows:

"A third person, not a party to the contract, cannot dispute its validity on the ground that it was made on Sunday. Neither is a sale of a chattel made on Sunday invalid as to an innocent second purchaser. The sale or contract, when untainted with fraud, is good against the creditors of the vendor; and the property sold is no longer subject to attachment as his property."

It is true that the money itself was not delivered to the defendant Barton on Sunday, but the assignor did all he could do on that day, in that he executed and delivered the assignment. He could have, but did not, repudiate the contract. Under the rule above announced, since the plaintiff was not a party to the contract, it cannot dispute its validity on the ground that it was made on Sunday.

The judgment of the trial court is accordingly affirmed.

BRANSON, C. J., MASON, V. C. J., and PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 28 C. J. p. 104, §188; p. 256, §353; anno. L. R. A. 1916E, pp. 82, 88; 2 R. C. L. Supp. p. 1495. (2) 37 Cyc. p. 568; 25 R. C. L. p. 1436. (3) 4 C. J. p. 1130, §3122.