### TUCKER v. WARE.

No. 23020.    Oct. 30, 1934.

H. P. White, for plaintiff in error.

Leahy, MacDonald & Files, for defendant in error.

PER CURIAM. This is an appeal from a judgment and decree discharging the garnishee, H. H. Mundy, and discharging and dissolving the garnishment proceedings. There does not seem to be any serious conflict between the parties as to the facts. The plaintiff, W. C. Tucker, was the owner of a note in the sum of $332.50, which was signed by Nancy Ware. The plaintiff brought suit on the note and secured judgment for the face of the note, interest, attorneys' fees, and costs. He then caused an execution to issue against the property of Nancy Ware, and directed same to the sheriff of Osage county, Okla. The sheriff made return on the execution of "no property found." Thereafter, the plaintiff, W. C. Tucker, filed his garnishment affidavit and secured an order of garnishment against H. H. Mundy, to which was attached interrogatories. The interrogatories and answers are set out as follows:

"To H. H. Munday, garnishee:

"1st.    Q.    Are you now, or were you at the time of service of garnishee order herein, in any manner indebted to, or owe, or have in your possession, or under your control, any money or property belonging to the above-named defendant, Nancy Ware, not exceeding 25 per cent. of any sum due for wages or salary earned during the last 90 days preceding the service of said order? A.    No.

"2nd.    Q.    If your answer to the foregoing question is in the affirmative as to any part thereof, then how much are you indebted to said Nancy Ware, or how much money do you have in your possession or under your control belonging to said Nancy Ware, not exceeding 25 per cent. of any sum for wages or salary earned during the last 90 days preceding the service of said order?    A.    I have too in my possession $609 on deposit in Citizens Nat'l Bank as trustee for K. D. Life Insurance Co. which money was paid to me by Nancy Ware under contract that same shall be paid to said company on an indebtedness owing said company by Mrs. Ware.

"3rd.    Q.    If your answer to the first question herein above set out is in the affirmative, as to property in your possession or under your control belonging to said Nancy Ware, then state the nature and extent of said property, and where located, not exceed-

ing 25 per cent. of any sum due for wages or salary earned during the last 90 days preceding the service of said order? A. The money above mentioned belongs to the Kansas City Life Insurance Co. I have not money or property in my possession or under my control belonging to Nancy Ware.

"H. H. Mundy."

The plaintiff elected to take issue with the garnishee on the interrogatories, and the case was submitted on that issue.

The facts show that on the 17th day of April, 1928, Nancy Ware signed an instrument which we set out as follows:

"Pawhuska, Oklahoma,
"April 17, 1928.

"The Kansas City Life Insurance Company,
"Kansas City, Missouri.

"Gentlemen:

"For and in consideration of a loan of $12,000 made to me by your company, evidenced by a note for like amount, I hereby agree to deliver to H. H. Mundy, trustee, all the funds that are due or to become due me from two-thirds (2-3) of one share of my Osage headright each quarter, beginning with June, 1928, said sum to be applied on the principal and interest of the loan received from you, until same has been paid in full.

"Witness my hand this 17th day of April, 1928.

"Nancy Ware.
"Witness:

"H. J. Smith."

Nancy Ware had borrowed $12,000 from the Kansas City Life Insurance Company, and had secured the payment of the loan by real estate mortgages on two pieces of property not involved in this lawsuit. In addition thereto she executed the instrument above referred to, wherein she gave H. H. Mundy, as trustee, the authority to receive two-thirds of one share of her Osage headright each quarter, beginning in June, 1928, and directed the said H. H. Mundy, as trustee, to apply said funds on the principal and interest of the loan until the same had been paid in full.

Pursuant to this arrangement H. H. Mundy opened an account in the First National Bank of Pawhuska, Okla., in the name of H. H. Mundy, trustee for Nancy Ware, and deposited in said account the money received from the two-thirds of the headright. He had remitted at different times after he became trustee to the Kansas City Life Insurance Company approximately $4,000, and at the time the garnishment order was served

on H. H. Mundy he had in said account the sum of $609.74.

On three occasions H. H. Mundy had written checks on the account payable to Nancy Ware. One check was written on July 3, 1931, in the sum of $150; one check was written September 18, 1931, in the sum of $150; and one check was written on April 7, 1931, for $200.

All the witnesses testified that when these checks were given to Nancy Ware they were delivered by the cashier of the bank to Nancy Ware, and that she signed a note to the bank for a like sum and delivered to the bank an order for her headright check to be paid to the bank as security for the loan.

The money which she received on the note did not come from the bank's funds, but came from the trust account, and when the headright check was delivered to the bank, they canceled the note and deposited back in the trust fund the amount of the check and delivered to Nancy Ware the balance of the check.

It was undisputed that Nancy Ware knew nothing of this arrangement, but thought she was borrowing the money directly from the bank.

The instrument signed by Nancy Ware, where she designated H. H. Mundy as trustee to handle the account, was sent to the Kansas City Life Insurance Company and was in their possession at the time this suit was started.

In explaining why he had not paid the amount of money on hands to the Kansas City Life Insurance Company, Dr. Mundy stated that he was waiting until $1,000 had accumulated, as that had been his custom, to pay off a $1,000 note.

The question to be decided is whether or not the money in the fund of Dr. Mundy was liable to garnishment at the instance of a judgment creditor of Nancy Ware.

The plaintiff in error contends that the money in question belonged to Nancy Ware, and was in the possession and under the control of H. H. Mundy, trustee; that it did not belong to the Kansas City Life Insurance Company, and could not be transferred to, or paid to, or delivered to it, except by a check drawn on said account, signed by H. H. Mundy, trustee for Nancy Ware.

The defendant in error contends that under the arrangement made between the Kansas City Life Insurance Company, Nancy

Ware, and H. H. Mundy, H. H. Mundy, the trustee, is liable to the Kansas City Life Insurance Company for all money which Mrs. Ware paid him under said arrangement. That Mrs. Ware could not recover the funds from said trustee, and therefore the funds were not subject to garnishment by a creditor of Mrs. Ware.

We have read the cases cited by the plaintiff in error, especially the case of Fidelity Funding Co. v. Vaughn, 18 Okla. 13, 90 P. 34.

While we think that case decided the law according to the facts in the case, we do not think it controlling in this, because of the written instrument signed by Nancy Ware and quoted above.

We think the better rule is stated in Shinn on Attachment and Garnishment, vol. 2, sec. 482, where the author says:

"The nature of the demand which must exist between the debtor and the garnishee is frequently, and with substantial truth, stated to be, that in order to enable a creditor to reach in this summary way of attachment, a demand owing from a third person to his debtor, the demand of his debtor against the contemplated garnishee must be of such a nature that such debtor could maintain an action of 'debt'. or indebitatus assumpsit for the recovery of the demand sought to be subjected."

The same rule is more clearly stated in the case of Jacobs v. Colcord, 136 Okla. 158, 275 P. 649, where the second syllabus paragraph is as follows:

"A garnishment proceeding is no more than a substitution of the plaintiff for the defendant debtor in the enforcement of any liability against the garnishee, and therefore the plaintiff can acquire no greater rights against the garnishee than the debtor himself possessed or could enforce."

Applying this rule to the facts in this case, the question is, Could Nancy Ware have forced H. H. Mundy to pay back to her the money she had paid to him, and which he had placed in the bank under the name of H. H. Mundy, trustee for Nancy Ware?

We believe a fair construction of the instrument which created the trust would be that Nancy Ware could not have successfully maintained any action against H. H. Mundy for the money, unless she could show that the $12,000 obligation had been paid.

The evidence in the case shows that the $12,000 obligation had not been paid, and that foreclosure was in process against the real estate in the mortgage securing the obligation, and that in the opinion of the witnesses who testified on that point the property would not sell for enough to pay the balance due on the obligation. At any rate, at the time the garnishment was brought, the obligation was unpaid.

We think there was ample evidence introduced before the district court to justify its finding and sustain its judgment.

Therefore, the judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Clark Nichols, Guy L. Andrews, and Frank D. McSherry in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Nichols and approved by Mr. Andrews and Mr. McSherry, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.