## BRANIFF INVESTMENT CO. v. CARTER.

No. 27365. Dec. 14, 1937.

Steele & Daugherty, for plaintiff in error.

600

Whit Y. Mauzy and J. B. Coppedge, for defendant in error.

RILEY, J. This is an appeal from a judgment 'against Braniff Investment Company, plaintiff in error, as garnishee in an action brought by defendant in error against Oscar Springer, in the court of common pleas of Tulsa county.

From the record it appears that on June 7, 1933, Oscar Springer obtained a judgment in the district court of Tulsa county for $8,400, against Braniff Investment Company, in an action in tort based upon deceit. Braniff Investment Company appealed therefrom to the Supreme Court and filed a supersedeas bond, thereby staying execution.

In October, 1934, while said appeal was pending, Braniff Investment Company purchased and had assigned to it from the New York Life Insurance Company two judgments which said insurance company had theretofore obtained against Oscar Springer in the district court of Tulsa county. These were deficiency judgments on foreclosure proceedings against Springer and amounted to about $12,000. Braniff Investment Company paid the insurance company $250 for said deficiency judgments.

On October 15, 1935, the Supreme Court affirmed the judgment of Springer against the Braniff Investment Company.

October 18, 1935. Berry Carter filed suit against Oscar Springer in the court of common pleas of Tulsa county to recover the sum of $884.77, with interest, alleged to be due on open account. He made Braniff Investment Company a garnishee, and served garnishment summons on the same day. This was three days after the Supreme Court had affirmed the judgment of Springer against Braniff Investment Company, and twelve days before the time would expire within which Braniff Investment Company could file its petition for rehearing. October 28th, and within said time, a petition for rehearing was filed. On October 29, 1935, Braniff Investment Company filed its verified answer 'as garnishee in the court of common pleas, in Berry Carter v. Springer, denying liability as garnishee. Therein it denied that it was indebted to said Springer or that it had property, money, credits, goods, chattels, or effects in its hands or under its control belonging to said defendant, Oscar Springer. It also alleged that Springer held the judgment against it for $8,400, which had been appealed and was then pending upon petition for rehearing, and that it had a defense to the collection of said judgment,

and that Searcy & Underwood, attorneys, claimed some interest in said judgment for their attorney fee. No question was raised as to the jurisdiction of the court of common pleas in the garnishment proceedings to reach the judgment entered in the district court. No specific mention was made of an intention or claim of right to offset or counterclaim the deficiency judgments held against Springer which it had bought. Thereafter, on motion, Searcy & Underwood were made parties. But on October 28, 1935, Braniff Investment Company, as garnishee, filed a supplemental answer in the Berry Carter case, in which it did set up its claim or right to set off the deficiency judgment which it held against Springer as against any liability to Springer. It also alleged that Searcy & Underwood had an attorney's lien on the judgment Springer had obtained against Braniff Investment Company for 40 per cent. of the amount of the recovery, and that Springer had on October 29, 1935, assigned the other 60 per cent. of said judgment to Harry Wolf, of Ft. Wayne, Ind. November 5, 1935, Berry Carter filed proof of notice to take issue on the answer of Braniff Investment Company in the garnishment proceedings. On March 17, 1936, before any action had been taken on the petition for rehearing pending in the Supreme Court in the appeal of Braniff Investment Company from the judgment of Springer against it, an agreement was entered into between Braniff Investment Company and Searcy & Underwood, attorneys for Springer, and H. L. Smith, attorney for Wolf, wherein Braniff Investment Company paid Searcy & Underwood and H. L. Smith the sum of $3,500 in full satisfaction of the judgment of Springer against Braniff Investment Company. Thereupon the appeal of Braniff Investment Company was dismissed, and the judgment was then satisfied of record. Thereafter the cause of Berry v. Springer, and Braniff Investment Company, garnishee, came on for trial in the court of common pleas. Springer made default, and judgment was entered against him for the amount claimed. Thereupon the issues between Carter and Braniff Investment Company were tried, in which all the foregoing facts were brought out.

Judgment was entered therein sustaining the garnishment as against Braniff Investment Company as to the full amount of Berry's judgment against Springer, except that it was allowed the amount Braniff Company paid for the assignment of the two deficiency judgments from the New York Life Insurance Company, viz., $250, and judgment

was entered accordingly. From this judgment Braniff Investment Company appeals.

Plaintiff in error presents three propositions: (1) A judgment debtor cannot be subjected to liability as garnishee except by process out of the same court in which the judgment was rendered. (2) A claim for tort is not subject to garnishment though reduced to judgment, when the judgment has been appealed from and execution is stayed by supersedeas bond, before final determination of the case on appeal. And (3) a garnishee is entitled to set off its liability as garnishee the amount of any judgment it holds against the principal debtor at the time garnishee summons is served without regard to what the garnishee may have paid for the judgment.

As to the first and third propositions, there is conflict in the authorities.

As to the second proposition, the authorities all hold that a defendant in an action founded on tort is not subject to garnishment before a final judgment has been obtained, unless expressly permitted by statute. Hence it is generally held that a claim in tort not reduced to judgment is not a debt subject to garnishment. Lewis v. Barnett, 139 Kan. 821, 93 A. L. R. 1082. The subject is annotated in 93 A. L. R. beginning at page 1088. Cases are cited as supporting the rule from some 20 states, and from England and Canada.

"An unliquidated claim for damages for tort is not subject to garnishment even in equity." 28 C. J. 137.

The question then arises, When does such a claim become liquidated so as to subject it to garnishment?

A verdict for damages for a tort does not render the claim subject to garnishment. 28 C. J. 137, 138.

Cases from Georgia, Massachusetts, Michigan, Minnesota, and Wisconsin are cited in support of this rule. But it has been held that where the amount of damages has been agreed upon, an offer to confess judgment for a given sum may render the claim subject to garnishment. But it is generally held that where judgments are subject to garnishment a final judgment rendered on a claim for tort liquidates the claim so as to render it subject to garnishment. 28 C. J. 138. But the judgment is not regarded as final pending an appeal therefrom. Ibid.

In Waples-Platter Grocery Co. v. T. & P. R. R. Co. (Tex.) 68 S. W. 265, 59 L. R. A. 353, it was said:

"The demand being uncertain is not made certain until the amount is fixed by a final judgment of the court, that is to say, a judgment not merely final in the sense that an appeal lies therefrom, but a judgment final in a sense that it has reached that stage in judicial procedure when it can neither be set aside nor reversed upon appeal."

This may with reason be said to mean when the amount for which execution may properly issue has been finally fixed, so that it may not thereafter be set aside, diminished, or increased.

In Arp v. Blake (Cal. App.) 218 P. 773, it is held:

"Pending appeal from a judgment on a claim for damages in tort, the claim is not subject to garnishment; the effect of the appeal being to deprive the judgment of its finality, and to operate to keep alive the claim as it existed before the judgment."

Although at the time summons in garnishment was issued and served in this case, the judgment of the district court had been affirmed, the Braniff Investment Company had the right to file a petition for rehearing, which it did within the time allowed by law. It could not be said that the judgment was then final in the sense that it could not thereafter, on the petition for rehearing, be set aside and a new trial granted. No mandate from this court could properly issue until the petition for rehearing was overruled. It could happen that a judgment once affirmed in this court may be set aside upon petition for rehearing.

Counsel for defendant in error assert that notwithstanding the Texas cases cited, Raley v. Hancock (Tex. Civ. App.) 77 S. W. 658, is exactly in point and sustains the garnishment in this case, that case is in point and does sustain the contention of defendant in error. But counsel for plaintiff in error point out that in Dodsen v. Warren Hdw. Co. (Tex. Civ. App.) 162 S. W. 952. Raley v. Hancock, supra, was said to have been, in effect, overruled. It is therein held:

"A judgment which has been affirmed on condition that plaintiff file a remittitur was not, before a motion for rehearing was overruled, final so as to be subject to garnishment."

The only difference in that case and the case here under consideration is that there the judgment was affirmed upon condition that plaintiff file a remittitur, while in this case the judgment was affirmed without such condition. There either party was entitled to file motion for rehearing.

Counsel for defendant in error cites Se-

curity Bldg. & Loan Ass'n v. Ward, 174 Okla. 238, 50 P. (2d) 651, as supporting the garnishment in the instant case. Therein a claim based upon an alleged loss under a fire insurance policy was held liable to garnishment even before a judgment had been obtained for the loss under the policy. But there the claim was not based upon tort. It was based upon an alleged loss under a life insurance policy. The rights of the parties there were governed by the contract. It is generally held that such claims are subject to garnishment. No case is cited wherein it is held that a claim based upon tort is subject to garnishment before reduced to final judgment. Where reduced to judgment, such judgment must be final in the sense that it has reached that stage where it is no longer subject to be set aside on appeal.

A garnisher can acquire no greater right than his principal debtor has at the time the garnishment proceedings are instituted. Helms v. State, 137 Okla. 55, 280 P. 416.

We conclude that under the record the judgment against the Braniff Investment Company was not subject to garnishment at the time the proceedings herein were commenced. It is unnecessary to consider the first and third propositions.

The judgment is reversed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, PHELPS, GIBSON, and HURST, JJ., concur. CORN and DAVISON, JJ., absent.