SPERRY et al. v. RENNER et al.

No. 31476. June 13, 1944.

*149 P. 2d 781.*

Paul R. Haunstein, of Enid, for plaintiff in error.

Harry C. Kirkendall, of Enid, for defendants in error.

HURST, J. W. D. Sperry sold some hogs to George Herbert Livestock Commission Company for a consideration of $301.93. At the time of the sale the Farm Security Administration held a mortgage on said hogs, together with other personal property, to secure an indebtedness of which the balance due was $681. And at the time of the sale, Sperry told the purchaser that the hogs belonged to the Farm Security Administration. Sperry resided in Kingfisher county, where the mortgaged property was kept. The mortgage was duly filed in that county. The hogs were sold in Garfield county. The Farm Security Administration did not give its specific consent to the sale of the hogs, but sometime before the sale of these particular hogs it had given its consent to the sale by Sperry of some other hogs covered by the mortgage, and they were sold in the name of the Farm Security Administration and the proceeds were applied on the mortgage debt. The Farm Security Administration had also advised Sperry that he might sell other mortgaged property in the name of the Farm Security Administration, if he would apply the proceeds upon the mortgage debt. The mortgage contained this clause:

"The proceeds received by the mort-

gagee at any sale or for the use of any property hereby mortgaged shall be applied in discharge of any indebtedness secured hereby, and/or of any other liens, charges, or encumbrances upon such property or proceeds, and the surplus, if any, shall be paid to the mortgagor."

On the day the hogs in question were sold, J. C. Renner and Johnie Renner, copartners, doing business as Renner Livestock Commission Company, filed this suit in the justice of the peace court against Sperry to recover the balance due on a promissory note in the sum of $128.95 with interest and attorney fees, and on the same day they caused a garnishment summons to be served upon the purchaser of the hogs. The garnishee filed an answer admitting that it owed Sperry $301.93 as purchase price of the hogs. The Farm Security Administration filed a petition of intervention claiming the proceeds of the sale of the hogs. At the trial, Sperry did not contest the case insofar as his indebtedness to the plaintiffs was concerned. The justice court entered judgment for the plaintiffs and denied the plea of intervention and ordered the plaintiffs' debt paid out of the funds so garnisheed. Sperry and Farm Security Administration appealed to the district court. On the death of the plaintiff J. C. Renner, the action was revived as to him in the name of Harry C. Kirkendall as administrator of his estate. The foregoing facts were established by the evidence introduced in the district court.

The district court sustained the plaintiffs' motion for a directed verdict and judgment was rendered for the plaintiffs, from which judgment Sperry and the Farm Security Administration appealed.

In support of their contention that the mortgage claim is superior to the garnishment, the appellants rely upon 46 O. S. 1941 § 71 and Bank of Jefferson v. First Nat. Bank of Medford, 158 Okla. 37, 12 P. 2d 540. The plaintiffs, appellees here, argue that under the clause in the mortgage, above quoted, and the evidence, the mortgagor had the consent of the mortgagee to sell the hogs, and they cite 11 C. J. 626, 14 C. J. S. 877, and Abbott v. Godwin, 20 Me. 408, in support of this contention; and to sustain the priority of the garnishment over the mortgage, the plaintiffs rely upon Carr v. Brawley, 34 Okla. 500, 125 P. 1131, and Farmers' State Bank v. Kavanaugh & Shea, 98 Okla. 119, 224 P. 525.

We are committed to the rule that one who causes a writ of garnishment to be served on the debtor of the defendant is not a purchaser for value, acquires no greater right against the garnishee than the principal debtor had at the time of the service of process on the garnishee, and that he cannot recover as against a prior assignee of the debt for value. Braniff Inv. Co. v. Carter, 181 Okla. 599, 75 P. 2d 439; Ed Hockaday & Co. v. Randolph, 178 Okla. 234, 62 P. 2d 628; Tucker v. Ware, 169 Okla. 401, 37 P. 2d 623; Wilson's v. Jackson, 128 Okla. 299, 263 P. 107; Market National Bank v. Rasberry, 34 Okla. 243, 124 P. 758, L. R. A. 1916E, 79.

We are of the opinion that, when the clause in the mortgage, above quoted, is considered in connection with the evidence, the Farm Security Administration gave its implied consent to the sale of the mortgaged property, but on the condition and with the distinct understanding that the proceeds be applied upon the mortgage debt and that the sale be made in its name. In addition to the authorities relied upon by the plaintiffs, above cited, see Jones Chattel Mortgages and Conditional Sales, Bowers Edition, § 457; 10 Am. Jur. 845; Babbitt Bros. Trading Co. v. Morley, 28 Ariz. 589, 238 P. 392.

46 O. S. 1941 § 71 provides:

"Every mortgagor of personal property in this state, who with the consent of the mortgagee, or his assignee, shall sell such mortgaged property, or any part thereof, while the mortgage remains in force and unsatisfied, shall be deemed and conclusively held to be the trustee of the funds received upon the sale thereof, for the benefit of such mortgagee, or assignee, to the extent of

the indebtedness secured thereby or any balance due thereof."

This section was enacted subsequent to the rendition of the two decisions, above, relied upon by the plaintiffs. In Midwest Production Co. v. Doerner, 70 Fed. 2d 194, the Circuit Court of Appeals held, and we think properly so, that the effect of this section was to abrogate the rule followed in those decisions. The section is in harmony with the rule that seems to prevail in other jurisdictions, where consent to the sale is given by the mortgagee on the condition that the property be sold in the name of the mortgagee and the proceeds applied upon the mortgage debt. 4 Am. Jur. 790; 11 C. J. 633; 38 C. J. S. 268; 36 A. L. R. 1379, at 1384, annotation; Hoyt v. Clemans, 167 Iowa, 330, 149 N. W. 442, L. R. A. 1915C, 166.

Under the rule as to the effect of garnishment, first above stated, it is clear that a fund held in trust is not subject to garnishment for the trustee's individual debts. 28 C. J. 119; 38 C. J. S. 285; 4 Am. Jur. 790, § 373. It is true that section 71 makes the *mortgagor* the trustee of the proceeds of the sale of mortgaged property when sold by him with the consent of the mortgagee, but we do not believe the creditor of the mortgagor has any greater right to the proceeds in the hands of the purchaser than he would if they were held by the mortgagor. In either event the mortgagee is the owner of the beneficial interest in the proceeds to the extent of the mortgage debt.

It follows that the right of the Farm Security Administration to the proceeds of the sale of the hogs is prior to the right of the plaintiffs as garnishers.

Reversed, with directions to enter judgment in favor of the intervener, Farm Security Administration.

CORN, C. J., GIBSON, V. C. J., and OSBORN, BAYLESS, and ARNOLD, JJ., concur.