BAULCH v. HOLCOM et al.

No. 32273.  Oct. 8, 1946.

Rehearing Denied Nov. 26, 1946.

174 P. 2d 379.

D. H. Wilson, of Miami, for plaintiff in error.

Frank Nesbitt, Clyde Morsey, and Perry Porter, all of Miami, for defendants in error.

———

PER CURIAM. A. Holcom and others commenced a proceeding in the case at bar to obtain the interest of May Maddox and caused to be issued certain garnishments.

Amanda Bigham died intestate leaving certain real property. The estate was duly administered and Elmer Jarrett, administrator, filed his final account and sought distribution of the estate remaining after the sale of certain real property to pay the debts of Amanda Bigham, deceased. May Maddox was an heir and entitled to a one-eighth distributive share. On April 20, 1943, she made an assignment of her one-eighth interest to Emma Baulch. On the 8th day of January, 1945, Emma Baulch filed an interplea in the case at bar setting up the transfer of the interest of May Maddox to her. On the 24th day of May, 1945, a stipulation was entered into and on the 25th day of May 1945, the court admitted said stipulation which is the basis of the claim of Emma Baulch. Therein it is agreed that Amanda Bigham died intestate May 9, 1940; that thereafter A. Holcom obtained a judgment against May Maddox for $195.32; that Pearl Midkiff obtained a judgment for $95; that Steve Stine obtained a judgment for $28.60; that C. L. Brazie obtained a judgment for $80; that Roy Green obtained a judgment for $108.36; that said judgments were all obtained by the said parties against May Maddox after the death of Amanda Bigham; that thereafter there was a distributed one-eighth of the estate to the heirs of said Amanda Bigham, the date of the decree being Nov. 8, 1944; that in said decree Emma Baulch was the distributee of the one-eighth share of May Maddox; that after the judgments had been obtained by the said parties above mentioned and before the date of the decree of distribution on November 8, 1944, execution had been levied upon said interest of said May

1

Maddox, but that there had been no sale of real property owned by, or to be distributed to May Maddox for the reason that the property of Amanda Bigham was in the process of probate; that prior to the date of the decree all real property was sold and there remained for each of the eight heirs the sum of $516.47.

Based substantially upon the facts recited in said stipulation the court found that Emma Baulch received $516.47 distributive to her subject to the right of judgment creditors, and entered judgment accordingly.

This proceeding is brought by Emma Baulch against the judgment creditors to review the alleged error of the trial court. It is first argued that because in the decree of November 8, 1944, the court found that Emma Baulch was entitled to the interest of the said May Maddox and there was no appeal from the probate decree no one has the right to question said decree. It is the position of Emma Baulch that it was the duty of the judgment creditors to appeal from the order of November 8, 1944, and that it became final and binding in this respect and therefore Emma Baulch has the uncontroverted right to the $516.47. No authority for this proposition is cited which bears relatively upon the question presented. Several cases are cited holding that insofar as the heirs are concerned the decree is final and binding. The cases are not in point. We are of the opinion, and hold, that the probate decree of November 8, 1944, bound the heirs and the assignees of said heirs but said decree was not determinative of any interest held by a stranger to the proceeding. See, in this connection, Tucker v. Ware, 169 Okla. 401, 37 P. 2d 623, in which it is held that the assignee acquires no greater right than the assignor would have had if the assignment had not been made.

It is next argued that the process by virtue of which the judgment creditors impounded the funds in the hands of the administrator was void for the reason that no summons was served upon Emma Baulch. We are of the opinion, and hold, that the interpleader is in no position to raise this question. Emma Baulch voluntarily appeared in the proceeding in this cause which had already been instituted and filed her interplea, which is in the nature of an equitable proceeding. She stands in no position to question the correctness of the process used to impound any funds in this proceeding. Burrus Mill & Elevator Co. v. Kingfisher College, 182 Okla. 200, 76 P. 2d 906.

It is next argued that there is no competent evidence in the record to sustain the finding of the trial court that the interest of May Maddox was subject to the judgment liens. In this connection it is asserted that the stipulation does not state that all of the $516.47, which was the distributive share that would have gone to May Maddox, was obtained from real property. With this contention we cannot agree. During the proceeding the trial court asked counsel for both sides if there was any claim that any of the fund was not derived from real property. The attorney representing Emma Baulch stated that there was no contention that the amount to be paid Emma Baulch was not derived from the sale of real property. We think the stipulation together with the record clearly indicates that the $516.47 was her distributive share after the sale of real property.

It is finally argued that the distributive share having been assigned by May Maddox to Emma Baulch prior to the date of the decree, November 8, 1944, was free and clear of any lien of the judgment creditors. With this contention we cannot agree. When real estate is sold under direction of the probate court for the purpose of paying debts and expenses, the conversion of real estate into money is complete only to the extent and for the purpose for which the sale was authorized. So far as these purposes do not extend, the property retains its former character

in respect to the rights of the owner. Therefore, any surplus must be applied to the payment of a judgment obtained against the heir, and duly docketed after the death of the ancestor and before the sale. Kolars v. Brown, 108 Minn. 60, 121 N.W. 229, 230. We are, therefore, of the opinion that regardless of the destruction or suspension of any lien during the proceeding for the sale of the real property by the administrator, when the amount to be distributed to May Maddox was finally distributed by the court it was fixed with the lien obtained by the judgment creditors by the docketing of their judgments and the subsequent proceeding to impound the amount due to May Maddox. The assignment in the meantime to Emma Baulch did not change or alter the rights of the judgment creditors.

The judgment of the trial court is affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur.