**BOB HARPER FINANCE CO.**
**v.**
**GOODALL.**

No. 35515.

Supreme Court of Oklahoma.

Nov. 10, 1953.

Rehearing Denied Feb. 9, 1954.

Washington & Thompson, Oklahoma City, for plaintiff in error.

P. J. Demopolos, Keith McMillin, Oklahoma City, for defendant in error.

JOHNSON, Vice Chief Justice.

The parties herein will be referred to as they appeared in the trial court.

In a jury waived law action, plaintiff sought possession by replevin one 1949

Cadillac "60" Special Sedan. Action was commenced in the Common Pleas Court against Bob Harper Finance Co., a corporation, and Clary's Super Service. The cause against Clary's Super Service was dismissed and it is not a party to this appeal. The court made general findings and rendered judgment for plaintiff for $2500, after finding that defendant had posted a redelivery bond in order to retain possession of the car and had sold the car during the pendency of the action and was thereby unable to redeliver it to plaintiff. New trial was denied and defendant appeals.

Defendant presents asserted errors under four propositions.

The first proposition is that the sale of an automobile made in violation of the Texas Certificate of Title Statutes is void and that no title passes under the certificate of title law, Title 17, Article 1436–1, Vernon's Ann.P.C. until this law has been complied with; that the failure of R. G. Burns, Kilgore Motor Company, Kilgore, Texas, to place plaintiff's name on the assignment of title prevented vestment of title to the Cadillac, and that it was unlawful for plaintiff to accept such assignment. Citing in support of this argument Elder Chevrolet Co. v. Bailey County Motor Co., Tex.Civ.App., 151 S.W.2d 938, and Title 17, Article 1436–1, Vernon's Ann.P.C. of Texas.

It is undisputed that the plaintiff had the assignment to the car in question; that on May 29, 1951, she used it and applied for and received a certificate of title to the car from the State Highway Department of Texas; that this was prior to date of trial and judgment in plaintiff's favor on October 24, 1951, and subsequent to May 5, 1951, the date that the defendant allegedly, without plaintiff's knowledge, consent or approval, and as found by the trial judge, unlawfully took charge of the plaintiff's car. It is also undisputed that on May 7, 1951, she brought action in replevin to recover possession of the car, and that while the car was in the defendant's possession, through redelivery bond, defendant sold it and was unable to redeliver it to plaintiff upon final judgment resulting in the money judgment for plaintiff for the value of the car.

When a certificate of title is issued under Title 17, Article 1436–1, Vernon's Annotated Penal Code of Texas, it will be presumed that the provisions of the statutes relating to the issuance thereof have been substantially complied with and when such certificate is issued to one claiming ownership to a secondhand car bought in the State of Texas, it is, in the absence of positive evidence to the contrary, the primary and controlling evidence of title, and, in replevin action is sufficient to sustain court's general findings and judgment giving right of possession of the car to such certificate holder, or its money value where possession of the car was retained by redelivery bond and defendant disposed of it during the pendency of the action and is unable to redeliver it to (owner) plaintiff. Elder Chevrolet Co. case, supra.

We find nothing in the cited cases and statutes or the record that would prevent plaintiff, through replevin proceedings, from recovering possession of the car, or its value where the defendant has disposed of it during the replevin proceedings and is thereby unable to redeliver it to its rightful owner, the plaintiff. Therefore, we conclude that this proposition is not well taken.

Defendant's second proposition is that plaintiff in her action in replevin must recover the car on the strength of her own title, not the weakness of adversary's, and that defendant can defeat the action by showing title in a third person, which, as an abstract statement of a rule of law, is correct, but not applicable in the instant case, as title to the car was shown to be in plaintiff.

The gist of defendant's third proposition is that the Cadillac in question was bought with the proceeds of the sale of cars upon which Max Kramer had given defendant a blanket mortgage on the floor plan basis, and that by reason thereof, the plaintiff, under Title 46 O.S.1951 § 71, and our holding in Sperry v. Renner, 194 Okl. 283, 149 P.2d 781 held the car in trust for defendant. We do not agree. Kramer testified that he paid for the Cadillac with a check for $2600 and that he bought the car for plaintiff and so informed the seller. This, however, was denied by the defend-

ant and it introduced evidence contradictory thereto. There was evidence that plaintiff had asked Kramer to buy her a car and that he bought her this Cadillac and that she gave him credit on his debt to her and the balance by check and in that manner paid for the car.

■■ Under the circumstances herein the following rules of law apply. Where the testimony is oral and conflicting and the finding of the Court is general such finding is a finding of every special thing necessary to be found to sustain the general finding and is conclusive upon this court upon all doubtful and disputed questions of fact, Gillespie. v. Dougherty, 179 Okl. 330, 65 P.2d 486; and, in jury-waived law action, court's finding and judgment will not be disturbed because of insufficiency of evidence if there is any evidence reasonably tending to support the finding and judgment. Bullard v. Caulk, 206 Okl. 353, 243 P.2d 691.

Judgment affirmed.

ARNOLD, Justice (concurring specially).

One Kramer, an automobile dealer, sold to plaintiff in the replevin action a Cadillac automobile. Plaintiff paid him. Plaintiff in error here, defendant in the replevin action below, and without instituting any action picked up the automobile without permission in front of the purported purchaser's home. The purchaser brought a replevin action. Though the cause of action is a law action the cause was tried to the court (a jury being waived). The finance company sold the car and the plaintiff in the replevin action got judgment in replevin and $2500 in money, the same being determined to be the value of the car.

The finance company appeals and asserts plaintiff did not have title because her title was executed and delivered to her in blank contrary to the laws of Texas which says such a sale is void.

Her testimony is to the effect that Kramer and Webb & Dan, used car dealers in Dallas, Texas, purchased the Cadillac car in question for her from the Kilgore Motor Company, taking an assignment from the Kilgore Motor Company to her and that on the basis of the assignment she procured a certificate of title from the proper Texas authorities.

The proof of the finance company was to the effect that the Kilgore Motor Company assigned in blank to Webb & Dan, dealers, and they in turn assigned in blank to Kramer who in turn assigned in blank to plaintiff.

There inheres in the judgment of the court all the necessary findings that could be reasonably made under the evidence before it to sustain its judgment. It must be assumed, therefore, that the court found the testimony of plaintiff to be true, that her assignment was to her and in her name from the Kilgore Motor Company. This finding is reasonably sustained by the evidence and is decisive of the right to replevin against the finance company though it be conceded for the sake of argument only that it had a mortgage on the cars on Kramer's floor, four of which were exchanged for the Cadillac in question plus $1,000 and Kramer was its trustee of all property and money received in exchange for the four cars which he exchanged for the Cadillac. The plaintiff is for no reason shown by the record the trustee of the finance company. It is at least tacitly admitted that Kramer had the authority to sell.